R. C. RODRIGUEZ V. HIGGINBOTHAM-BAILEY-LOGAN COMPANY.

No. 7831. Decided March 18, 1942.
(160 S. W., 2d Series, 234.)

*Gordon Griffin,* of McAllen, for plaintiff in error.

The act of an agent who has admittedly been clothed by his principal with authority over a given subject matter is empowered as a matter of law, to bind the principal on all matters affecting the subject matter of his employment, and it is unnecessary to submit such authority to a jury. Cox, Inc., v. Humble Oil & Ref. Co., 16 S. W. (2d) 285; Phoenix Furniture Co. v. Kay, 10 S. W. (2d) 422; 2 C. J. 570.

*J. L. Polk,* of Pharr, and *Read, Lowrance & Bates,* of Dallas, for defendant in error.

The defendant having denied the authority of its sales manager to make the agreement in question and there being abundant evidence to show a lack of such authority, which fact was an essential issue to be found in defendant's favor, and not having been requested or submitted by plaintiff, judgment was properly rendered for defendant. Wichita Falls & Okla. Ry. Co. v. Pepper, 134 Texas 360, 135 S. W. (2d) 79; Colbert v. Dallas Jt. St. Land Bank, 129 Texas 235, 102 S. W. (2d) 1031; Nixon v. Hirschi, 134 Texas 415, 136 S. W. (2d) 583.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The plaintiff sued the defendant to recover on a contract claimed to have been made by the defendant's alleged agent.

Two essential elements were necessary to sustain the plaintiff's alleged ground of recovery. One was that the agreement had been entered into, and the other that the alleged agent had authority to bind his principal. The court submitted the first issue to the jury, and the jury found that the agreement had been entered into by the alleged agent. However, no issue was submitted, and none requested, as to whether the alleged agent had the authority to make the contract. Upon defendant's motion the court rendered judgment non obstante veredicto in its favor. This judgment was affirmed by the Court of Civil Appeals, at San Antonio, Chief Justice Smith dissenting. 144 S. W. (2d) 993.

Plaintiff's cause of action was based on one ground of recovery,—that is, the contract; but this ground of recovery consisted of two elements, first, the making of the agreement, and, second, the authority of the alleged agent to make the same. The Court of Civil Appeals was of the opinion that since the court had submitted to the jury one of the elements of plaintiff's ground of recovery,—that is, whether the defendant's alleged agent made the agreement,—and since there was a dispute in the evidence as to the other element of said ground of recovery,—and since no request was made for the submission of an issue on that element to the jury, the court on appeal could presume a finding on the unsubmitted element in favor of the defendant in such manner as to support the judgment. It appears, however, that the court did not render judgment on the verdict. Judgment was rendered non obstante veredicto. The authority for a trial court to render judgment non obstante veredicto is found in the second part of Article 2211, Vernon's Annotated Civil Statutes, which provides:

"* * * upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, * * *." Under the above statute, judgment non obstante veredicto can be rendered only when the facts are such that an instructed verdict would have been proper. If the evidence had been undisputed that the alleged agent did not make the agreement, or that he did not have authority to make it, the court could have rendered judgment for the defendant non obstante veredicto. But the Court of Civil Appeals concluded that the evidence on both of these issues was in dispute, and we are in accord with that view. Therefore, the court had no authority to render judgment non obstante veredicto.

When the court renders judgment non obstante veredicto it is equivalent to a finding that there was no evidence to raise an issue for the jury, and consequently there is no presumption of a finding by the court on disputed issues of fact. Williams v. Texas Employers Ins. Assn., 135 S. W. (2d) 262 (writ refused). Since there was a dispute in the evidence, the trial court erred in rendering judgment non obstante veredicto.

The judgments of the trial court and of the Court of Civil Appeal will be reversed and the cause remanded to the trial court with instructions to proceed as though judgment non obstante veredicto had not been rendered. McAfee v. Travis Gas Corp., 137 Texas 314, 153 S. W. (2d) 442; LeMaster v. Fort Worth Transit Co., 138 Texas 512, 160 S. W. (2d) 224.

Opinion delivered March 18, 1942.