## RODRIGUEZ v. HIGGINBOTHAM–BAILEY–LOGAN CO.

### No. 11301.

Court of Civil Appeals of Texas.
San Antonio.

June 9, 1943.

Rehearing Denied July 7, 1943.

Gordon Griffin, of Brownwood, for appellant.

Read, Lawrence, & Bates, of Dallas, and L. J. Polk, of Pharr, for appellee.

NORVELL, Justice.

This is the second appeal in this cause. The opinions of this Court and the Supreme Court are reported in 144 S.W.2d 993, and 138 Tex. 476, 160 S.W.2d 234, respectively. These opinions contain a complete statement of the case.

The majority of this Court, upon the former appeal, concluded that as the trial court held, as a matter of law, that there was no evidence that Blanchard was authorized to make the contract involved, we could consider this holding as embracing the lesser holding that the evidence was insufficient to support a fact finding that Blanchard was authorized to make the contract.

The Supreme Court held that as the trial court's finding that there was no evidence of Blanchard's authority was evidenced by and resulted in a judgment non obstante veredicto, no fact findings could be implied therefrom. This, because the procedure outlined for the rendition of judgments non obstante veredicto is strictly statutory, and the state of the evidence was not such as permitted the rendition of this type of judgment. Upon this holding, the Supreme Court reversed the judgments of the trial court and this Court, and the cause was remanded to the trial court with instructions to proceed as though judgment non obstante veredicto had not been rendered.

The only holding of the majority of this Court which was disapproved by the Supreme Court was that hereinabove set forth, which relates to the rendition of a judgment non obstante veredicto. Con-

sequently, upon remand, it became the duty of the trial court to proceed in accordance with the opinion and specific directions of the Supreme Court, and the opinion of the majority of this Court, except insofar as to the holdings contained therein were disapproved by the Supreme Court. The action of the trial court in rendering the judgment now appealed from was in strict accordance with the law as declared by the Supreme Court and by the majority of this Court upon the former appeal.

A reversal of the judgment would amount to a declaration that the trial court erred because it followed those holdings of this Court set forth in our former opinion which were not disturbed or disapproved by the Supreme Court.

This situation is recognized by appellant, as his appeal is in effect an attack upon the validity of our holdings upon the former appeal.

After the return of the Supreme Court's mandate to the trial court, appellant filed a motion for judgment. Appellee likewise filed a motion for judgment coupled with a request for an express fact finding by the trial court that there was not sufficient evidence to justify a holding that Blanchard was authorized to make the contract involved. After notice and hearing of said motions, appellant's motion for judgment was overruled and appellee's motion was granted. Judgment was rendered in favor of appellee and contained an express fact finding that Blanchard had no authority to make the contract involved. Rule 279, Texas R. C. P. After rendition of judgment against him, appellant filed a motion for new trial, excepted to the order of the court overruling the same and appealed to this Court.

The judgment appealed from is not a judgment non obstante veredicto, and appellant's contentions are answered adversely to him by the opinions of the Supreme Court and this Court upon the former appeal, as well as by the provisions of Rule 279, R. C. P.

Appellant asserted one ground of recovery consisting of two elements, first, the making of the agreement, and, second, the authority of the alleged agent to make the same. Rodriguez v. Higginbotham-Bailey-Logan Co., 138 Tex. 476, 160 S.W.2d 234. Appellant's theory of recovery then consisted of these same two component elements, namely, the making of the agreement and the authority of the agent.

Obviously the burden was upon appellant to establish the existence in fact of both component elements of his theory of recovery before a judgment could be rendered against appellee. It is equally obvious that a finding that Blanchard made a contract does not in any way conflict with a finding that Blanchard was not authorized to make the contract. Similarly there is no conflict between findings that a defendant did an act which was negligent, but that the act was not a proximate cause of plaintiff's damage.

Appellant's counsel upon oral argument contended that this is a case for rendition —that "nobody contends this case is not fully developed."

Appellant's argument in support of his demand for judgment seems to be this: That as he secured a favorable jury finding upon one of the component elements of his theory of recovery, and waived a jury determination of the remaining element, the trial court was deprived of the power to decide the unsubmitted element, or issue, as it found the facts to be, but must decide said issue in accordance with appellant's theory of recovery. This necessarily must be a correct statement of the contention, for, as above pointed out, there is no conflict between a finding that the contract was made and a finding that Blanchard had no authority to make the contract.

We repeat that appellant as a plaintiff advanced a theory of recovery embracing two component elements. It seems that his evidence as to the existence of the first element, the contract, is much stronger than his evidence as to the existence of the second element, the alleged agent's authority. In other words, from the standpoint of evidence, we may say that appellant had one strong issue and one weak issue.

For illustrative purpose we may assume this condition to exist. It may and often does exist in a negligence case. Evidence may be so strong as to almost compel a finding that a defendant did a certain act, yet the question of whether or not the act proximately caused the plaintiff's damage may be obscure and the answer thereto not definitely indicated by the evidence.

If appellant's contention here be correct, a plaintiff may request the submission of an issue as to one component element of his theory of recovery upon which his evidence is strong; waive a jury

submission of issues embracing the additional elements of his theory of recovery upon which his evidence is weak, and after receiving a favorable jury finding upon his strong issue compel a favorable finding by the trial court upon his weak issues. This result could be avoided only by the court's submitting plaintiff's weak issues upon its own motion (an action which is obviously not within the control or direction of the defendant); or by the defendant's requesting the submission of one or more issues embodying the component elements of plaintiff's theory or ground of recovery —plaintiff's issues, in other words. Article 2190, Vernon's Ann.Civ.Stats., did not require a defendant to request the submission of a plaintiff's issue. Nor is such action required by Rule 279, R. C. P.

█ The question of Blanchard's authority or lack of it is in no sense an independent ground of defense from appellee's standpoint. It is a component element of appellant's ground of recovery. There is no action or lack of action on the part of appellee disclosed by the record here from which it could be inferred that appellee agreed to or acquiesced in an arrangement whereby the jury's answer to the question of the existence of the contract should also determine the question of Blanchard's authority to make the contract. Appellee was entitled to have this question determined by the trial court in accordance with the evidence, inasmuch as the appellant had waived a jury determination thereof.

█ We hold that when a plaintiff does not request a jury submission of an issue embracing a component element of his ground or theory of recovery, he waives a jury submission thereof, and that the trial court may find upon the unsubmitted issue in such manner as it finds the facts to be. To be specific, we hold that the trial court was authorized under the record of this case to answer the question as to Blanchard's authority either "yes" or "no."

█ This was our holding upon the former appeal, and it seems that had the Supreme Court disagreed therewith, it would have said so, especially in view of the dissenting opinion of the Chief Justice of this Court, and the fact that the cause was remanded with instructions for the trial court's guidance. If appellant were entitled to a judgment upon the record it seems that the Supreme Court would have

directed the trial court to enter judgment in favor of appellant and then hear a motion for new trial, as was done in the case of McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442. See, also, Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146; Le Master v. Ft. Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224. From the direction "to proceed as though judgment non obstante veredicto had not been rendered" it is clearly implied that the trial court was authorized to determine the question of Blanchard's authority as it found the facts to be; that is, that Blanchard did have authority to make the contract, or that he did not have such authority. The trial court found that Blanchard did not have authority to make the contract. There is no error in the judgment based thereon.

Judgment affirmed.