Opinion adopted by the Supreme Court.

## NEYLAND v. BROWN et al..
### Motion No. 16100; No. 2454—8013.

Commission of Appeals of Texas, Section A.

June 9, 1943.

For former opinion, see 170 S.W.2d 207, which affirmed in part and reversed in part 161 S.W.2d 833.

Hardy Hollers, of Austin, Johns, McCampbell & Snyder, of Corpus Christi, and Lawler, Wood & Childress, of Houston, for Neyland.

Edgar Monteith and T. J. O'Brien, both of Houston, and Hart & Brown and Homer DeWolfe, all of Austin, for Brown and others.

HICKMAN, Commissioner.

Our original opinion discloses that, with reference to "Items aggregating $34,-175.37 not bearing the OK of Neyland," the jury made findings in favor of Brown & Root, but the trial court rendered judgment against them non obstante veredicto. The Court of Civil Appeals, 161 S.W.2d 833, reversed the trial court's judgment on this phase of the case and rendered judgment on the jury's verdict and we affirmed that portion of its judgment. In his second motion for rehearing Neyland invokes the rule which had become well established in this court prior to the effective date of the Texas Rules of Civil Procedure that, when an appellate court determines that the trial court erroneously entered judgment non obstante verdicto, such court should not render judgment on the verdict, but should remand the case to the trial court with instructions to enter judgment on the verdict and then afford the appellee an opportunity to present a motion for a new trial, and, if overruled, to appeal on the record made at the trial. McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442; Chalmers v. Gumm, 137 Tex. 467, 154 S.W.2d 640; Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146; Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; Rodriquez v. Higginbotham-Bailey-Logan Co., 138 Tex. 476, 160 S.W. 2d 234.

As pointed out in Le Master v. Fort Worth Transit Co., supra, that rule was modified by Rule 324, Texas Rules of Civil Procedure, but this case was tried prior to the effective date of said rules and is therefore to be disposed of in accordance with the rule announced in the

above cases. Neyland invokes that rule in his behalf, claiming here that, even if the trial court was in error in rendering judgment in his favor non obstante veredicto on those items, judgment should not have been rendered in the Court of Civil Appeals upon the verdict. He claims that, under the evidence, the award on those items was, at all events, excessive, and that he is entitled to be heard in the trial court with reference thereto. The unusual situation presented lies in the fact that we have ordered that much of the case be retried, and to follow literally the rule announced in the cases above cited and remand this particular phase of the case for further proceedings on the record heretofore made, while at the same time remanding other portions for a new trial, would create an impossible situation. An appeal after the next trial, if same should be prosecuted, would be upon two records, the one now before the court and the one to be made upon another trial. Such procedure would be entirely too cumbersome and would be wholly impractical. The only feasible way to protect the right of Neyland to complain of the jury findings with reference to these items is to remand this phase of the case for a new trial along with the other phases remanded in our original opinion. 170 S.W.2d 207.

■ Having determined that it is necessary to try again the issues with reference to these items, we are compelled to make another change in our judgment heretofore entered herein. The issues with reference to the amount of these deductions do not constitute a separate ground of recovery, but are only elements of a broader ground, namely, what deductions for expenses should be made from the contract prices of the several jobs in order to determine the amount of profits realized from said jobs? Brown & Root sought to have certain overhead expenses deducted, as well as items not bearing Neyland's O K. We ruled against their right to do so in the former opinion. To remand for a new trial the question of claimed items of expense not bearing the OK of Neyland without at the same time remanding the whole phase of the case having reference to legitimate deductions by Brown & Root would be manifestly to sanction a trial by piecemeal. Such trials are not contemplated by the new rules, nor were they by the rules established prior to their adoption. Texas Employer's Insurance Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W. 2d 929; Phœnix Assurance Co. v. Stobaugh, 127 Tex. 308, 94 S.W.2d 428.

The second motion for rehearing will be granted to this extent: That portion of our former judgment affirming the judgment of the Court of Civil Appeals in so far as it rendered judgment on the jury's verdict in favor of Brown & Root on the phase of the case involving "Items aggregating $34,175.37 not bearing the OK of Neyland" will be set aside; the judgments of both lower courts with respect to this phase of the case will be reversed and same will be remanded for a new trial. It is further ordered that that portion of our judgment heretofore rendered, in which the judgment of the Court of Civil Appeals relating to the items of "Overhead expense" was reversed and that of the trial court affirmed, will be set aside and in lieu thereof it is ordered that, with respect thereto, the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding that phase of the case thereto, will be affirmed.

This whole matter is so complicated and involved that we deem it proper to summarize the status of the case at this time. The case is remanded to the trial court for a new trial upon the following phases: 1. "Saxet Company stock transaction"; 2. "Items aggregating $34,175.37 not bearing the OK of Neyland"; 3. "Overhead expense", and 4, "Items aggregating $5,000 claimed by Neyland as expenses". The other phases of the case will not be retried, but will remain finally disposed of in accordance with our judgment on original hearing and the judgment of the Court of Civil Appeals not disturbed by us. Judgment will be rendered against the sureties on the supersedeas bond for the amount of the trial court's judgment against Brown & Root which has been affirmed.

Opinion adopted by the Supreme Court.