**CULLIGAN et al. v. WOOTTON.**

No. 12470.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 3, 1952.

Rehearing Denied Jan. 7, 1953.

Petry & Dean, Carrizo Springs, for appellants.

Farrow & Johnson, Carrizo Springs, for appellee.

NORVELL, Justice.

Harry L. Culligan and his mother, Mrs. Frances Culligan, plaintiffs below, appealed from the judgment, asserting that they were entitled to recover damages in a larger amount than that awarded in the trial court. Said parties filed the transcript in this Court and will be referred to as appellants. The defendant below, E. B. Wootton, will be referred to as appellee, although he has filed cross-points asserting that the judgment should be reversed.

This is an action for damages growing out of the sale of lands located in Dimmit County, Texas. The jury in answer to special issues, found, (1) that appellee's agent, George C. Riha, represented to appellants that the two water wells located on the land in question were capable of irrigating 160 acres of cotton; (2) that such representation was false; (3) that it was material; (4) that appellants relied thereon and were induced thereby to purchase the land, and (5) that the actual value of the property at the time it was purchased by appellants (March 1, 1951) was $40,000. In answer to a special issue requested by appellee, the jury refused to find that appellants in purchasing the property "relied upon an investigation made by themselves as to the capacity of the wells instead of relying upon representations of the broker, George C. Riha." Judgment was rendered allowing appellants a credit of $5,000 upon a note for $11,500 executed by them as a part of the sales transaction. Said judgment was apparently based upon the theory (not questioned here), that had the representations allegedly made by Riha been true, the land would have been worth $45,000, the amount which appellants agreed to pay therefor. Article 4004, Vernon's Ann.Tex. Stats.

Appellants' complaint is that the trial court should have also awarded damages for expenses incurred in repairing pumps and attempting to raise a cotton crop upon the land. Appellants urge that the allowance of general damages according to the measure set out in the statute, Article 4004, or any other formula, for that matter, does not preclude a recovery of special damages. They cite and rely upon such cases as Womack v. Hastings & Lagow, Tex.Civ.App., 200 S.W. 878; Spencer v. Womack, Tex.Civ.App., 274 S. W. 175, and Bantuelle v. Jones, Tex.Civ. App., 52 S.W.2d 93. Appellee in reply does not question the rule contended for, but points out that no request for the submission of appellants' theory of special damages was made in the court below. Appellants' theory of special damages occasioned by their attempts to raise a cotton crop is seemingly an independent ground of recovery and is accordingly waived, unless established as a matter of law. Rule 279, Texas Rules of Civil Procedure. If it be considered that one or more of the controlling issues constituting a part of this independent ground of recovery were submitted, then we must assume (unless the contrary be established as a matter of law) that the remaining controlling issues of the ground of recovery were found against appellants, as the trial court in its judgment refused to award appellants their claimed special damages. Rule 279; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 144 S.W.2d 993, Id., 138 Tex. 476, 160 S.W.

2d 234, Id., Tex.Civ.App., 172 S.W.2d 991 (wr. ref.).

 Upon examination of the statement of facts, we find that there was an agreement that appellants had expended certain sums of money for pump repairs and farming expenses, but this agreement in itself is an insufficient basis for a judgment embodying such items. It was not shown beyond dispute so as to make it a law issue, that such expenditures were reasonable. The commencement of farming operations took place some time after the sale was consummated, and here again, under the evidence, it cannot be said as a matter of law that such expenditures were made upon the strength of the representations made by Riha. The question of whether appellants relied upon Riha's representations in purchasing the land or upon their own investigation was a controverted fact issue and submitted to the jury. A similar situation exists as to the expenses incurred in attempting to raise a cotton crop. Appellee's counter-point directed against the points in appellants' brief is sustained.

Appellants object to our consideration of appellee's three cross-points. It appears that appellee filed a motion for new trial setting forth the grounds relied upon in his cross-points, and we think appellants' contention is answered by this Court's opinion on motion for rehearing in Bowman v. Puckett, Tex.Civ.App., 185 S.W.2d 228, 231, reversed on other grounds, Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571.

Appellee's first cross-point is overruled on authority of Ware v. Harkins, Tex.Civ.App., 228 S.W.2d 537, and the cases therein cited. "The parol evidence rule does not apply where the written contract is shown by pleadings and evidence to have its inception in fraud."

We hold that under the evidence the inquiry as to whether appellants relied upon an investigation made by them or upon representations made by Riha was properly submitted to the jury. The issue was one of fact and not of law. Appellee's second cross-point is overruled.

By the third cross-point it is asserted that Riha was acting as agent for both parties in effecting a sale of the property and therefore appellee cannot be held liable for his misrepresentations. Riha testified that the property was listed with him by Wootton and it appears that the contract in question was signed by Geo. C. Riha as agent for E. B. Wootton. We believe the evidence conclusively establishes the fact that Riha was Wootton's agent, but if there be some evidence to the contrary, appellee did not object to the court's charge on the ground that the question of Riha's being Wootton's agent was not submitted; nor did he request the submission of the theory of double agency, which was in the nature of a defendant's rebuttal issue. The third cross-point is overruled. Rule 279.

No reversible error being shown, the judgment of the trial court is affirmed.