**D. C. HALL TRANSPORT, INC., et al.,**
Appellants,

v.

**J. L. HARD, Appellee**

No. 16299.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 23, 1962.

Rehearing Denied March 23, 1962.

Rawlings, Sayers, Scurlock & Eidson, and Nelson Scurlock, Fort Worth, for appellants.

Barwise, Magoffin & Carrigan, Tilley, Hyder & Law and Thos. H. Law, Fort Worth, for appellee.

RENFRO, Justice.

Plaintiff Hard brought suit against D. C. Hall and D. C. Hall Transport, Inc., for commission of $75,000 for procuring a buyer for certain motor freight properties.

The jury was asked: "Do you find from a preponderance of the evidence that defendant, D. C. Hall, agreed to pay plaintiff, J. L. Hard, a 5% commission if plaintiff would procure a buyer, upon terms satisfactory to defendant, for the Hall Motor

Freight Lines properties, which are the subject of this law suit? Answer 'yes' or 'no'." The jury answered in the affirmative. In answer to issue two the jury found that Hard procured a buyer. The jury found $10,000 to be a reasonable attorney's fee.

No exceptions were taken to the charge and no other issues were requested or submitted.

In a motion for judgment notwithstanding the verdict, defendants contended they were entitled to judgment as a matter of law because the sale involved real estate and capital stock, and that plaintiff was not a licensed real estate broker or salesman and was not licensed under the Securities Act.

The court sustained defendants' motion and rendered judgment for defendants.

On appeal we reversed the trial court's judgment and rendered judgment for the plaintiff. Hard v. Hall, Tex.Civ.App., 318 S.W.2d 108.

The Supreme Court in Hall v. Hard, Tex., 335 S.W.2d 584, said:

"Plaintiff's cause of action was based upon one ground of recovery, to wit: the contract to pay him a commission for procuring a purchaser for the Hall properties. One of the elements of this ground of recovery, under the facts as they developed upon the trial, was whether or not the terminal leases were a part of such Hall properties. This question presents a fact issue. There being no request for a jury issue on this question, and therefore no jury finding, it was for the trial court to make a finding on this issue, upon proper request. Rule 279, Franki's Vernon's Annotated Rules of Civil Procedure. This court has no power to make findings of fact, but the trial court does possess such power. * * * The record in this case raised a fact issue as to whether or not the sale of the Hall properties consisted in part of the sale of securities as defined in the Securities Act. No issue was submitted nor requested on which a finding could have been made by the jury on this question. * * * The trial court should also make a finding as to this issue, upon proper request. Based upon the trial court's findings upon this issue, and upon the issue as to real estate being involved in the sale of the Hall properties, the Court will enter its judgment. * * *" The Court concluded: "We therefore must remand the cause to the trial court with instructions to proceed with the disposition of the cause under Rule 279 just as though no judgment non obstante veredicto had been entered. Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App.1943, 172 S.W.2d 991, wr. ref.; Id., 138 Tex. 476, 160 S.W.2d 234."

On September 15, 1960, the parties argued their respective motions for findings of fact. No evidence was offered by either party. On January 31, 1961, the court made the following findings: "1. I find that the employment contract entered into between the defendant Hall and the plaintiff Hard did not contemplate nor include the sale of real estate. 2. I find that the employment contract entered into between the defendant Hall and the plaintiff Hard did not contemplate nor include the sale of securities."

On March 31, 1961, the above findings were incorporated in the court's judgment wherein it rendered judgment for plaintiff for $85,000, to bear interest from the date of the original judgment non obstante.

This appeal is from the 1961 judgment.

In their brief defendants urge that:

"1. Since it appeared from the pleadings and the verdict that the plaintiff was a real estate broker as defined by the statute, was not licensed, and was endeavoring to recover for having obtained a listing and then find a purchaser of the 'Hall Motor Freight Lines properties,' a business enterprise, the court was required to enter a judgment on the verdict for the defendants, and it erred in failing and refusing to do so.

"2. The trial court erred in failing to render judgment for defendants because

plaintiff is seeking to recover a commission for an act set out in Tex.Civ.Stat., Art. 6573a, Sec. 4(1) (k) (Vernon Supp.1956), having to do with the sale of business enterprises, without pleading and proving that he was licensed as a broker or salesman as required by Sec. 19 of the same statute.

"4. Since the plaintiff failed to plead and prove that he was licensed as a real estate broker, it was error for the trial court to award the plaintiff a commission of five percent of the consideration paid for the sale of the Hall properties, described in the contract dated October 29, 1955, which, as determined by the Supreme Court, included the terminal leases.

"5. Since the evidence is undisputed that the sale of the Hall properties, described in the contract dated October 29, 1955, was for one consideration which was not divisible and that such properties included certain real estate, namely, the terminal leases, it was error for the trial court to award plaintiff a commission of five percent of the entire amount.

"6. Since the plaintiff failed to plead and prove that he was licensed as a stock broker, it was error for the trial court to award plaintiff a commission of five percent of the consideration paid for the sale of all the Hall properties described in the contract dated October 29, 1955, which embraced capital stock of certain corporations."

The evidence presented by Hard as to his contract with Hall and the contract between Hall and the buyer Braswell Motor Freight Lines is to be found in the two reported decisions heretofore cited.

■ The record, in so far as the evidence is concerned, is exactly the same now as it was on the former appeal. The Supreme Court held that fact issues were raised as to whether leases were included in the Hall properties and whether or not the Hall properties Hard was to sell consisted in part of securities. For those reasons the case was remanded to the trial court to make findings thereon and enter its judgment. If the defendants had been entitled to a judgment as a matter of law, as they contend in the above points of error, the Supreme Court would have so directed. There would have been no occasion for directing the trial court to make findings on the disputed issues and "enter its judgment". Being of the opinion the hereinabove points were necessarily held against defendants, we overrule said points of error.

■ Defendants contend the findings that plaintiff's contract with Hall did not contemplate the finding of a purchaser for any real estate nor for any securities were contrary to the overwhelming weight and preponderance of the evidence.

Although Hard testified at one point that under his contract with Hall he was to sell everything involved in the Motor Freight Lines, he also testified he had nothing to do with the leases; the price at which Hall listed the properties for sale included only the Interstate Commerce Commission Certificate under which defendant operated his truck line, and the furniture and equipment used in the business, that his employment with Hall did not cover the sale of leases. Plaintiff's testimony was corroborated by attorney Christopher, Braswell's attorney. It was Christopher whom Hard contacted in regard to a proposed sale from Hall to Braswell. He testified Hard was attempting to get Braswell to buy all the operating certificates and all equipment used in connection with the operation.

The points are overruled.

■ Defendants contend that since the Hall-Braswell contract included leases it was error for the court to allow plaintiff five per cent commission on the entire amount; further that the sales price was less than $1,500,000 and the presumed finding of the trial court that the consideration received by Hall was the above amount is against the overwhelming weight and preponderance of the evidence.

**260**

.It is true that in the Hall-Braswell contract Braswell agreed to assume the terminal leases. The contract, however, does not show any consideration for such agreement.

In the Hall-Braswell agreement the properties conveyed were set out by items, and the contract provided that the reasonable market value of all the properties required to be transferred was $1,500,000. The leases were not mentioned as one of the properties required to be conveyed.

The jury was entitled to find that the total purchase price was for the things Hall agreed for Hard to sell, which, as the trial court has found, did not include the leases.

Hall-Braswell agreed that the price to be paid by Braswell would be reduced by percentage until consummation of the sale. Hall, however, continued to use the properties until the transfer was made final. The loss of dollars to Hall was made up by the continued use of the properties. We agree with plaintiff that the evidence supports the finding that the amount of commission earned by plaintiff was on the agreed Hall-Braswell price of $1,500,000.

■ We overrule defendants' contention that the court erred in the judgment of March, 1961, in awarding interest from March 13, 1958, the date of the judgment non obstante.

It is to be remembered the Supreme Court did not remand for a new trial. The case was remanded with directions to the trial court to make certain findings, on the evidence adduced at the original trial, and enter judgment in accordance with such findings. In effect the 1961 judgment was the judgment which should have been rendered on March 13, 1958, when the non obstante judgment was rendered. Since the judgment non obstante was erroneous, and the 1961 judgment took its place, plaintiff was entitled to interest from the date of the erroneous judgment. Smith v. American Fire & Casualty Co., Tex.Civ.App., 242 S. W.2d 448.

We also overrule defendants' point of error which is based on the argument that the court had no authority to act in the matter on March 31, 1961, because that date was two months after the "next term" of court following the July, 1960, term in which the case was taken up before the court following the receipt of the Supreme Court mandate. The term had been properly extended to February 1, 1961. The court had authority by virtue of amended Rule 330(j), which became effective January 1, 1961, to further extend the time for entry of judgment.

All points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.