Mark E. BROWN, et ux., Petitioners,

v.

GALLERIA AREA FORD,
INC., Respondent.

No. C–7265.

Supreme Court of Texas.

May 18, 1988.

Rehearing Denied July 6, 1988.

Carol A. Neeley, Houston, for petitioners.

Ramon Edward Williams, Williams & Naylor, P.C., Houston, for respondent.

MAUZY, Justice.

This case involves an action for damages arising from the Texas Deceptive Trade Practices–Consumer Protection Act (the "DTPA"). The trial court rendered judgment in accordance with the jury's verdict finding for the Browns, and awarded damages against LaMarque Ford and Galleria Ford for the improper repair of a Ford pickup truck. The court of appeals reversed and remanded the cause to the trial court as to Galleria Ford and affirmed the judgment as to LaMarque Ford holding there was no evidence that Galleria Ford represented to the Browns that it would restore their truck to its pre-accident condition, and then failed to do so. 748 S.W.2d 239. We reverse the judgment of the court of appeals and affirm the trial court's judgment.

Mr. and Mrs. Mark Brown purchased a new truck from LaMarque Ford of Texas on August 29, 1985. Six days later, the truck was involved in an accident causing severe collision damage to the vehicle. The Browns took the truck to LaMarque's body shop and were told it would be repaired to its pre-accident condition within approximately three weeks. The Browns authorized LaMarque to do the repair work. On November 15, 1985, during the time the truck was being repaired, LaMarque en-

tered into a contract to sell the Ford dealership to three individuals. Pending Ford's approval, LaMarque and the three individuals, who ultimately incorporated as Galleria Area Ford, Inc., executed a Management Agreement which gave the potential owners full managerial authority for the day-to-day operations of the business.

On December 23, 1985, the truck was returned to the Browns, as completely repaired. They found the repairs to be unsatisfactory and later filed this suit against both LaMarque and Galleria under the DTPA alleging that both defendants knowingly misrepresented repair services, and engaged in an unconscionable act or course of action. Additionally, the Browns alleged that Galleria was a successor in interest to, and was "inextricably intertwined" with, LaMarque. The trial court rendered judgment in accordance with the jury's verdict for the Browns and awarded them damages in the amount of $31,640.00 against LaMarque and Galleria.

On appeal by Galleria, the court of appeals reversed the judgment of the trial court holding that there was no evidence that Galleria represented to the Browns that it would restore their truck to its pre-accident condition, and then failed to do so. The court of appeals further held that Galleria was not subject to suit under the DTPA as a party who sought to enjoy the benefits of a transaction which constitutes a violation under the DTPA. Additionally, the court of appeals concluded that there was not shown to have been such dual responsibility between Galleria and LaMarque that they were "inextricably intertwined" in the transaction so as to be equally responsible.

Based on Galleria's independent conduct, the Browns argue that Galleria is liable for damages because the jury found four separate and knowing violations under the DTPA as to Galleria, and because these findings were supported by some evidence. In addition to the independent liability found against Galleria, the Browns assert that there was some evidence establishing a sufficient nexus between Galleria and

LaMarque to make each group responsible for the actions of the other.

Essentially, the Browns argue that Galleria and LaMarque were "inextricably intertwined" within the meaning of *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 389 (Tex.1982), and therefore, both are equally responsible for liability arising out of the transaction at issue. In support of this argument, the Browns maintain that even with all the relevant documents and testimony adduced at trial, it is difficult to determine, as between LaMarque and Galleria, who was responsible for what during the overlapping management period. The Browns point out that Galleria's president testified that he didn't fully understand the Management Agreement which existed between Galleria and LaMarque. Furthermore, the Browns assert that as to the public in general, the two companies appeared to mesh together in a seamless web. This assertion is based on the fact that the new managers, Bott, Kechler, and Laughter, assumed full control of the dealership in mid-November, and that they formed a corporation, Galleria Ford, in early December and began representing to the public that the dealership was now operating as Galleria Ford which is indicated by the fact that the dealership's phone was answered "Galleria Ford."

We decline to address this alternative theory of recovery. In light of our conclusion that there is some evidence to support the jury's finding that Galleria Ford engaged in an unconscionable act or course of action in the repair of the Browns' truck, we need not reach this issue to properly dispose of this case.

The Browns argue that the court of appeals erred in failing to consider evidence to support the jury's finding that Galleria engaged in an unconscionable act or course of action in the repair of the truck. In response, Galleria contends that the record is devoid of any evidence to support such a finding. In deciding the question of whether there is evidence of probative force to support a jury finding, we must consider only the evidence and inferences tending to support the finding and disregard all evi-

dence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

■ Unconscionable action or course of action is an act or practice which, to a person's detriment:

A. Takes advantage of the lack of knowledge, ability, experience, or capabity of a person to a grossly unfair degree; or

B. Results in a gross disparity between the value received and consideration paid in a transaction involving the transfer of consideration.

Tex.Bus. & Com.Code § 17.45(5). Taking advantage of a consumer's lack of knowledge to a grossly unfair degree requires a showing that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated. *Chastain v. Koonce*, 700 S.W.2d 579, 584 (Tex.1985). A consumer's proof of gross disparity under subdivision B must show a glaring and flagrant disparity between the consideration paid and the value received. *Id.* at 583. Some evidence under either definition of unconscionability will support the trial court's judgment.

■ Under the facts in this case, we conclude that there is some evidence under both subdivisions to support a finding that Galleria engaged in an unconscionable act or course of action in the repair of the Brown's truck. It is undisputed that there was a gross disparity between the value received and the consideration paid by the Browns. Expert testimony established that the truck was released to the Browns in a condition that made it dangerous to drive. Specifically, one expert testified that the truck had been so damaged in the repair work that the frame was beyond repair. This testimony was unrebutted.

Moreover, there is some evidence that the Browns were taken advantage of to a grossly unfair degree. A review of the Management Agreement reveals that complete day-to-day operational responsibility for the dealership shifted to Bott, Kechler and Laughter on November 17, 1985. However, the Management Agreement provided that LaMarque collect gross receipts and pay labor and parts for repair and body work in process prior to November 17, 1985. Neither Galleria nor the three individuals who formed it shared in the proceeds for the repair of the truck. Consequently, the Browns' truck was suspended in limbo between the old owners and the new owners of the dealership. LaMarque Ford had, under the Management Agreement, no further operational participation, and Galleria Ford had no economic incentive to ensure the repair work was conducted properly.

It is important to note that the Browns were never apprised of this complicated arrangement between LaMarque and Galleria. During trial, Mr. Brown testified that he did not know who owned or was running the Ford dealership at the time he discovered all the problems with the repair work on his truck. The evidence adduced at trial revealed that while the truck was being repaired, the phone at the dealership was answered "Galleria Ford." In addition, during this same period, persons employed at Galleria told one of the Browns' witnesses with respect to the change of the dealership: "We are the same happy folks ... here to help you but we changed names ... [E]verything else [is] the same." In light of the evidence presented by the Browns, we conclude that in representing itself to the public and to the Browns as the new company in charge of the dealership, Galleria took advantage to a grossly unfair degree of the Browns' lack of knowledge concerning the internal working relationship and agreements that allocated responsibility and liability between themselves and LaMarque.

The court of appeals has effectively ruled that Galleria is relieved of liability, as a matter of law, by proof that it had an agreement with LaMarque Ford that it would not be responsible for deceptive trade practices perpetrated upon the public

in its name. This holding by the court of appeals is in error. The central purpose of the DTPA is the protection of consumers against false, misleading, and deceptive business practices, and unconscionable actions. The jury in this case found that Galleria had engaged in an unconscionable act or course of action in the repair of the Browns' truck, and such finding is supported by the evidence and the trial court's judgment therefore must be affirmed.

For the reasons stated, the judgment of the court of appeals is reversed and judgment is here rendered for the Browns.

PHILLIPS, Chief Justice, dissenting opinion on motion for rehearing.

I respectfully dissent. In reversing the judgment of the court of appeals, the court relies solely on its holding that there is some evidence to support the jury's finding that Galleria Area Ford, Inc. (Galleria) engaged in an unconscionable act or course of action. The court ignores the fact, however, that Galleria also challenged the trial court's express findings on producing cause. Because there is no evidence to support any of the trial court's express findings on producing cause, I would affirm the judgment of the court of appeals.

In response to issues, the jury found that Galleria knowingly made three misrepresentations regarding its repair services and engaged in an unconscionable act or course of action in the repair of the Browns' truck. The Browns failed to submit any issues on producing cause to the jury, but no objection was made by Galleria. Upon the Browns' motion, the trial court made express findings pursuant to TEX.R.CIV.P. 279 that Galleria's acts in violation of section 17.46 of the Deceptive Trade Practices Act were a producing cause of the Browns' damages. Rule 279 allows the trial court to make express findings on omitted elements of an independent ground of recovery when "there is sufficient evidence to support a finding thereon." Thus, even assuming that there is some evidence in the record to support the jury's finding that Galleria engaged in an unconscionable act or course of action in the repairs of the Browns' truck, there must also be some evidence in the record to support the trial court's express finding that this violation of the DTPA was a producing cause of the Browns' damages under Rule 279. *See Hawes v. Central Texas Production Credit Ass'n*, 503 S.W.2d 234, 236 (Tex.1973); *Rodriguez v. Higginbotham–Bailey–Logan Co.*, 172 S.W.2d 991, 993 (Tex.Civ.App. —San Antonio 1983, writ ref'd).

Although not ruled on by the court of appeals, Galleria challenged the trial court's express findings on producing cause by point of error in its brief before that court. This court may refer to those points not passed on by the court of appeals to determine whether the court of appeals' judgment could be affirmed on some other basis. *McKelvy v. Barber*, 381 S.W.2d 59, 64 (Tex.1964).

In reversing the court of appeals' judgment, the court holds that unrebutted evidence of a gross disparity between the value received and the consideration paid for the repair of the Browns' truck supports the jury's finding that Galleria engaged in an unconscionable act or course of action. It also holds that Galleria's failure to apprise the Browns of the internal working relationship and agreements that allocated responsibility and liability between Galleria and LaMarque is some evidence that the Browns were taken advantage of to a grossly unfair degree. Assuming such evidence is sufficient to show that *Galleria* (as opposed to LaMarque or the three promoters of Galleria) violated the DTPA, this in no way presents any evidence that these acts constituted a producing cause of the Browns' basis for complaint—the standard repair of their truck. There is absolutely no nexus between what Galleria purportedly did (deceive the Browns into believing LaMarque was really Galleria) and the damages which the Browns seek (poor repair). No evidence was presented that Galleria itself performed any of the repair work, nor is there the slightest indication that the Browns would have taken the truck elsewhere for repairs had they been aware that Galleria was, in fact, still LaMarque.

A different situation would be presented, for example, if Galleria's alleged deception caused the Browns to sue the wrong party, thereby causing the statute of limitations to run on their claim against LaMarque. In that event, the deceptive act is a producing cause of damages. In the instant case, however, the Browns did not allege or prove any damages which resulted from their confusion concerning the identity of the defendants.

Not only is there no evidence to support the trial court's express finding that Galleria's unconscionable act or course of action was a producing cause of the Browns' damages, but also there is no evidence to support jury's findings of misrepresentation or the trial court's express findings of producing cause as to the other three DTPA violations. In response to issues, the jury found that Galleria knowingly represented its repair services: (1) had characteristics or benefits which they did not have; (2) were of a particular standard when they were of another; and (3) would restore the Browns' truck to its preaccident condition and then did not in fact do so. After carefully reviewing the record, I simply cannot find any evidence to support these jury findings. No evidence was presented that any agent or employee of Galleria made representations regarding the repair of the Browns' truck. Furthermore, even assuming such representations were made, no evidence exists to support the trial court's express findings of producing cause for the reasons stated previously herein.

The Browns also contend that the jury's affirmative findings of DTPA violations as to LaMarque are imputable to Galleria on the theory that LaMarque and Galloria are "inextricably interwined." Even assuming this theory is applicable under the facts of this case, this theory of liability was not raised before the trial court, nor were any findings obtained. Failure to submit this independent ground of recovery constitutes waiver on appeal. TEX.R.CIV.P. 279.

Because there is no evidence to support any of the trial court's express findings of producing cause or the jury's findings of misrepresentation, I would affirm the court of appeals' judgment.

WALLACE, GONZALEZ and CULVER, JJ., join in this dissenting opinion.