Ruth LAWSON, Appellant,

v.

Floyd LAWSON, Appellee.

No. 6–91–099–CV.

Court of Appeals of Texas,
Texarkana.

March 10, 1992.

On Motion for Rehearing
April 14, 1992.

Frank D. Moore, Cooper.

Frank Long, Dist. Atty., Sulphur Springs.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Ruth Lawson appeals from the judgment entered by the trial court granting her a divorce from Floyd Lawson and dividing the community property. This Court previously heard an appeal in this same cause and reversed and remanded it for further proceedings.

In this appeal, Ruth Lawson contends that the trial court erred by failing to follow the law of the case as set out in this Court's previous unpublished opinion and a mandamus proceeding subsequent to this Court's opinion. Specifically, Ruth Lawson complains that certificates of deposit were improperly characterized as Floyd's separate property rather than as part of the community of Ruth and Floyd.

Floyd Lawson takes the position that the ownership of the certificates of deposit had already been determined by the judge prior to the jury trial, and thus the jury question inquiring about the commingling of the properties did not refer to that issue because it was not before the jury. The record does not bear this out. There was a pretrial hearing in which the trial judge

declared the post-nuptial agreement to be valid, but none of the certificates in question were listed in the post-nuptial agreement. In the earlier proceeding, this Court declared the post-nuptial agreement to be invalid, but that question is not controlling in this case. Whether the certificates were separate property owned prior to the marriage or other separate property described by the post-nuptial agreement, Floyd Lawson had the duty of establishing that the certificates of deposit that existed at the time of the divorce could be traced back to property he owned as separate property.

The jury found that the property claimed as separate property and that claimed as community property had been commingled so that they were not capable of being identified as separate or community property.[1]

There was extensive testimony about the certificates of deposit. Floyd Lawson testified that the initial investment in the certificates of deposit came from money received from the sale of land about 1970. There was testimony about whether some of this money belonged to his children, about who had paid taxes on some of the interest income, and about the names of third parties on the certificates of deposit.[2] Floyd Lawson's testimony that the certificates of deposit were his could not be considered tracing. Some of the testimony was ambiguous and contradictory. But even if the evidence had carefully traced with full documentation of every change in form to property he once held as separate property, he could not now prevail on his argument that the certificates of deposit were his

separate property because the jury as fact finders found that all of the property was commingled, so that it was incapable of being identified. He has not challenged that jury finding in the trial court or in this Court.

Neither Ruth Lawson nor Floyd Lawson has challenged the findings of the jury in this appeal.[3] Ruth Lawson specifically challenged the failure to the trial court to follow the findings of the jury. After having the judgment n.o.v. set aside in favor of the jury findings, she cannot now pick and choose which jury finding she wants to be controlling. Unless she had challenged the sufficiency of the evidence by a point of error, and she has not, she will be bound by the jury finding. Unless the factual determinations by the jury are properly challenged, we are also bound by those determinations. The jury's unchallenged finding that the money in the form of certificates of deposit was commingled mandates the court to determine all of the certificates of deposit as community property.

There is some confusion about the interest on the certificates of deposit and the principal of the certificates of deposit. No specific question was asked to the jury about the characterization of the certificates of deposit. The only question that related to the certificates of deposit was the general question about commingling. The question to the jury that specifically involved the certificates of deposit involved *interest* only. While it is not consistent to say that all of the certificates of deposit are community property but that the inter-

---

1. Jury question number 6 reads as follows:
   Do you find from the preponderance of the evidence that the property claimed as separate property and that as community property have been commingled so that they are incapable of being identified or distinguished as separate or community?
   Answer "We do."
   *Commingling* was defined for the jury as follows:
   Yor (sic) are instructed that when there has been such a commingling of community property and separate property the person claiming the status of separate property has the burden of tracing the property, and if the segregation of that portion which is claimed

as separate property is impractical or impossible, the property becomes a part of the community estate of the parties.
   The court also defined *community property* and *separate property* for the jury.

2. This case did not purport to deal with any third party claims to this property, and any claim by third parties must be addressed in the cause of action in which they are named parties.

3. On appeal, neither side contested the jury findings in a point of error on the basis of no evidence, insufficient evidence, or for any other reason.

est from some of the certificates of deposit is separate property, the jury's unchallenged factual determination finds some of the interest to be separate property. This Court has no authority to set aside an unchallenged jury finding. The jury's finding in answer to jury question 5 that some of the *interest* from these certificates of deposit was separate property seems to conflict with its answer to jury question 6 finding that all the property had been so commingled that it would be presumed to be community.[4] The general rule is that a specific finding would control over a general finding. *Harris County v. Patrick,* 636 S.W.2d 211 (Tex.App.–Texarkana 1982, no writ). Thus, jury question 5[5] should control over jury question 6. The trial court must be able to identify the specific amounts of interest earned in order to divide it separately from the certificates of deposit. There were no jury questions asked about the amounts of interest, and if these amounts cannot be determined from undisputed evidence, then the answers to jury question 5 are meaningless and cannot be applied. In that event, the answer to jury question 6 would also apply to the commingled interest and all the interest must be treated as a part of the certificates of deposit, which are community property.

■ When an appellate court ruling significantly affects the characterization of property and thus impacts the property division, the appellate court should remand the matter to the trial court for an equitable division of all the community property under the guidelines set out by the appellate court. We remand the case to the trial court for another division of all the community property treating the certificates of deposit as community property.

Counsel for Ruth Lawson has urged this Court to divide the certificates of deposit by awarding one half to each party because of the recitation in the judgment. Upon remand, the trial court is not bound by this prior recitation in the judgment, but will be dividing community property that is more extensive than that divided in the original judgment. In making this division, the trial court can consider many factors, including the evidence whether the initial source of the majority of the commingled certificates of deposit had originally been separate property. The trial court is not required to divide the community assets equally, but must make the overall division of the community property in a manner that the trial court deems just and right. TEX.FAM.CODE ANN. § 3.63 (Vernon Supp. 1991).

■ In her motion for rehearing, Ruth Lawson has complained about the determination that the 1984 Ford tractor was separate property. In jury question 5(8), the jury found this tractor to be separate property. As previously stated, this specific finding overrules the general finding in jury question 6. This jury finding is unchallenged on appeal, and thus is binding upon this Court and the trial court.

This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

4. Furthermore, without a valid post-nuptial agreement, interest generated by the certificates of deposit after the marriage would have been community property (whether the certificates of deposit were community or separate).

5. Jury question number 5 reads as follows:
   From a preponderance of the evidence, what do you find to be the character of the following items of property?
   Answer by placing an "X" in the column opposite each item.
   The interest income from the following certificates of deposit originally issued by Commerce Federal and Loan Association, Commerce, Texas and now bearing the following numbers:

| | | Community | Separate |
|---|---|:---:|:---:|
| 1. | C.D. No. 010671 | | x |
| 2. | C.D. No. 010912 | | x |
| 3. | C.D. No. 010914 | x | |
| 4. | C.D. No. 010913 | x | |
| 5. | C.D. No. 010915 | x | |
| 6. | C.D. No. 010672 | | x |
| 7. | C.D. No. 010673 | | x |
| 8. | 1984 Ford Tractor | | x |
| 9. | 1989 Chevrolet Automobile | x | |
| 10. | 1989 Oldsmobile | x | |

**162**

## ON MOTION FOR REHEARING

The appellee continues to urge vigorously that this Court should remand this case for a new trial on the issue of separate versus community property. His main contention in support of this argument is that during the voir dire and the closing arguments, the jury was instructed that the jury questions did not relate in any way to the nature of the principal of the certificates of deposit. As we have previously stated in our opinion, this is not reflected in the record, and the jury question on commingling was asked generally. We believe that the proper forum for this argument for a new trial would be to the trial court.

■ Procedurally, when on remand the trial court is directed by an appellate court to enter judgment in accordance with the verdict of the jury, the unsuccessful party may present a motion for a new trial after entry of that judgment. *See generally* 6 TEX.JUR.3D *Appellate Review* § 900 (1980). For example, when a judgment non obstante veredicto is reversed and the cause is remanded with instructions to enter judgment on the verdict, the trial court proceeds as though the judgment non obstante veredicto had not been granted. *Rodriguez v. Higginbotham–Bailey–Logan Co.*, 138 Tex. 476, 160 S.W.2d 234 (1942).

The motion for rehearing is overruled.