N. G. BUCHOZ V. WILLIAM KLEIN ET AL.

No. A-294. Decided December 30, 1944.
(184 S. W., 2d Series, 271.)

*Cunningham, Ward & Cunningham,* and *R. E. Cunningham,* all of El Paso, for petitioner.

On the question of whether, under the circumstances of this case, an agency existed authorizing the making of the contract sued upon. Standard Fire Ins. Co. v. Buckingham, 211 S. W. 531, 534; McAfee v. Travis Gas Corp., 137 Texas 314, 153 S. W. (2d) 442; Newton v. Rhoades Bros., 24 S. W. (2d) 378.

*J. H. McBroom,* of El Paso, for respondent.

The testimony of the alleged agent to the effect that as the owners of the property were not living in El Paso and that the property must be sold, "and for Mr. Carlton (the alleged agent) to look around and see what they ought to get, and submit the offer to them," was sufficient to authorize A. L. Carlton to fix the price and to execute a binding contract for the sale of the real estate, which would bind the principles. Baker v. Pierce, 155 S. W. (2d) 822; Butterworth v. France, 66 S. W. (2d) 369; 3 Tex. Jur., p. 449.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of El Paso County, Texas, by N. G. Buchoz against William Klein, John Klein, and Joseph Sonneberg, to recover the sum of $1,300.00, alleged by Buchoz to be due him by Klein et al as a broker's commission for finding a purchaser ready, willing, and able to purchase certain real property belonging to Klein et al. Buchoz's cause of action is based upon a written contract alleged to have been executed by Klein et al by one A. L. Carlton as their duly authorized agent. In the alternative Buchoz sued Carlton on the theory that he represented that he had authority from Klein et al to sign the contract sued on, and therefore, if Carlton had no such authority, he was liable personally for the broker's commission here involved. Trial in the district court, with the aid of a jury, resulted in a verdict and judgment for Buchoz against Klein et al. No judgment was rendered against Carlton. On appeal by Klein, et al, this judgment was reversed by the El Paso Court of Civil Appeals, and the entire cause remanded to the district court for a new trial.

As already stated, Buchoz's cause of action is based upon a written contract alleged to have been executed by Klein et al by Carlton as their duly authorized agent. Klein et al duly denied that they had executed such contract, or that they had authorized Carlton to execute it for them. No instrument authorizing Carlton to execute this contract for Klein et al is shown or even contended to have ever existed. We have read the entire statement of facts, including all exhibits, and we agree with the holding of the Court of Civil Appeals that this record contains no evidence showing that Carlton had authority from Klein et al to execute the contract made the basis of this suit. The opinion of the Court of Civil Appeals states the substance of the evidence; and no good purpose would be served by repeating it here. Buchoz based his cause of action on the theory that Carlton had authority from Klein et al to execute this contract in their name. Under the record we have recited, the burden was on Buchoz to prove Carlton's authority by preponderance of the evidence. The law does not presume agency, and he who alleges it has the burden of proving it. 2 Tex. Jur., p. 499, sec. 103, and authorities there cited.

The judgment of the Court of Civil Appeals, which reverses the judgment of the district court and remands this cause to the district court for a new trial, is affirmed.

Opinion delivered December 30, 1944.