**Darwin Ray FRERKING, Appellant,**

v.

**SOUTHERN COUNTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 8147.**

Court of Civil Appeals of Texas, Amarillo.

May 17, 1971.

Rehearing Denied June 14, 1971.

Brummett & Brummett, Phil Brummett, Lubbock, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, R. A. Wilson, Amarillo, for appellee.

REYNOLDS, Justice.

Appellant Darwin Ray Frerking, plaintiff in the trial court, sued appellee-defendant Southern County Mutual Insurance Company to recover collision damages to his automobile under a policy of insurance issued by defendant. Following a jury verdict, the trial court overruled plaintiff's motion for judgment and entered judgment non obstante veredicto in favor of defendant, from which judgment appeal has been perfected.

The policy of insurance was issued by defendant and signed by its authorized representative, S. A. Meazell of the S. A. Meazell Insurance Agency, and bore a sticker of the Winchester Insurance Service. A portion of the annual premium was paid and the balance, to be paid by plaintiff's mother, was financed by Winchester Insurance Service, hereinafter referred to as Winchester. The policy lapsed for non payment of premiums and Winchester's office manager directed that a notice of cancellation be prepared and sent to plaintiff. The notice of cancellation was signed by a person whose capacity is not identified in the record and showed the

typed name of S. A. Meazell as agent. Directions for reinstatement, consisting of payment of all premiums due and an affidavit to be executed by plaintiff, were given by Winchester to plaintiff's mother, who acted as plaintiff's agent in some aspects of the reinstatement proceedings. The affidavit was executed by plaintiff on March 25, 1969, and mailed to Winchester's office, and plaintiff's mother mailed the payment for premiums due on or about April 1, 1969. The premium payment was received by Winchester on April 2, 1969, the same day plaintiff's automobile was involved in an accident. Plaintiff notified Winchester of the claim for damages to his automobile some two hours after the collision. It is disputed whether Winchester received the premium payment prior to notification of the automobile damage, but in any event the premium payment had not been posted to the records when notice of the damage claim was received. Reinstatement was refused and the premium payment was returned on or about April 3, 1969.

In his suit plaintiff sought recovery under one of three alternate theories, viz.: 1) the policy had been reinstated; or 2) reinstatement had been waived; or 3) defendant was estopped to deny reinstatement. The case was submitted to the jury on five special issues. The issue of waiver was not requested or submitted, and that independent ground of recovery was waived. Rule 279 [1]. In answering the first special issue the jury found that the policy of insurance had not been reinstated, and no complaint is made in this court concerning this issue. In answering the other special issues, the jury found (2) by the acts, conduct and representations of the defendant, the plaintiff's mother was led to believe the policy of insurance was in effect at the time of the collision; (3) plaintiff's mother relied upon such acts, conduct and representations to the extent that she believed such policy of insurance to be in effect at the date of the accident; (4) that plaintiff's mother would have procured

other insurance upon the automobile but for her belief that the policy of insurance was in effect; and (5) the amount of damages was $658.48. No issue concerning the authority of Winchester to act as defendant's agent was requested or submitted to the jury and no objection was made to the court's charge.

Defendant's motion for judgment non obstante veredicto was predicated on the grounds that (a) plaintiff's failure to request and obtain an affirmative finding on the issue of agency waived any cause of action based upon estoppel, and (b) there is no evidence to support the jury's answers to special issues 2, 3, and 4. The judgment notwithstanding the verdict does not reflect whether the motion was granted upon either one or both grounds stated therein. Plaintiff has assigned three points of error embracing the propositions that the trial court erred in not entering judgment for plaintiff on the jury's verdict and in granting judgment non obstante veredicto for defendant.

■ To recover under the theory of estoppel as pleaded, to which no objection or exception was raised, and as found from the evidence by the jury, plaintiff also was required to prove and secure an affirmative finding that Winchester was defendant's agent in the reinstatement proceedings. The record is devoid of any testimony that Winchester was not the agent for defendant in this transaction. All of the witnesses who testified to the facts that raise the agency issue are shown by the record or conceded to be interested witnesses. Their testimony merely raises a fact issue to be passed on by the trier of the facts, Naylor v. Gutteridge, 430 S.W.2d 726 (Tex. Civ.App.—Austin 1968, writ ref'd, n. r. e.), since agency will not be presumed and must be proven. Buchoz v. Klein, 143 Tex. 284, 184 S.W.2d 271 (1944).

The trial court is required to submit to the jury any group of facts which, if true, would constitute a ground of recovery if

---

1. All references to rules are to Texas Rules of Civil Procedure.

plead and supported by the evidence. Rule 277. In this case recovery on the theory of estoppel consisted of several component parts of which agency is one. The issue of agency is not within itself an independent ground of recovery, but is a vital element of plaintiff's right of recovery. The court submitted some elements of the ground of recovery but omitted the one vital element of agency, and there was no objection to the failure to submit the same. The parties are considered on appeal to have agreed to waive a jury trial on the unsubmitted element and to have submitted it to the court for determination. Before judgment was entered, either party could have requested the court to make a finding on the agency issue, and the court could have found as the evidence justified. However, there being no request or express finding, the agency element is not waived. Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940); Rule 279. Since the unsubmitted issue of agency was not waived, the court was not authorized to render judgment non obstante veredicto on the first ground of defendant's motion.

The trial court would be authorized to grant defendant's motion for judgment non obstante veredicto on the second ground stated therein only if there is no evidence of probative force upon which the jury could have made the findings relied upon. In considering such motion all testimony must be considered in a light most favorable to plaintiff and every reasonable intendment deducible from the evidence is to be indulged in plaintiff's favor. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952). We have reviewed the evidence in the record and, without detailing the evidence, we deem it sufficient to note that while the evidence was in dispute there is some evidence of probative force to support the jury's answers to special issues 2, 3, and 4. A judgment notwithstanding the verdict is equivalent to a finding that there is no evidence to raise an issue for the jury, and consequently there is no presumption of a finding by the court on disputed issues of fact. Rodriguez v. Higgin-

botham-Bailey-Logan Co., 138 Tex. 476, 160 S.W.2d 234 (1942). Therefore, the court was not authorized to grant defendant's motion non obstante veredicto on the second ground stated therein.

Defendant contends that if plaintiff did not waive his right to judgment by his failure to seek a jury finding on the issue of agency, the trial court must be deemed, under Rule 279, to have found that issue in favor of defendant and against plaintiff. Rule 279 provides that on appeal it will be presumed the court found on such unsubmitted issue in such manner as to support the judgment entered in connection with issues of fact submitted to and found by the jury. The trial court, however, did not render judgment on the verdict; judgment was rendered notwithstanding the jury's verdict. The court may render judgment non obstante veredicto only when the facts are such that an instructed verdict would have been proper because there is no evidence to raise an issue for the jury. If the evidence had been undisputed that Winchester was not the agent of defendant, judgment non obstante veredicto would have been proper. Since a fact issue was raised by the evidence as to the issue of agency, the issue was not waived, and there can be no presumptive finding by the trial court in favor of its judgment non obstante veredicto. Hall v. Hard, 160 Tex. 565, 335 S.W.2d 584 (1960); Rodriguez v. Higginbotham-Bailey-Logan Co., supra.

There being no request for a jury issue on the agency issue, it was for the trial court to make a finding on the issue upon proper request. This court has no power to make findings of fact, but the trial court does possess such power. The cause should be remanded to the trial court with instructions to proceed with the disposition of the case under Rule 279, just as though judgment non obstante veredicto had not been rendered. Hall v. Hard, supra; Rodriguez v. Higginbotham-Bailey-Logan Co., supra.

Reversed and remanded.