Gary WILSON and Ben Wilson,
Appellants,

v.

REMMEL CATTLE CO., INC., et
al., Appellees.

No. 8689.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 18, 1976.

Rehearing Denied Nov. 15, 1976.

Culton, Morgan, Britain & White, Pat
Long, Amarillo, for appellants.

Stokes, Carnahan & Fields, O. P. Fields, Amarillo, for appellees.

REYNOLDS, Justice.

Judgment non obstante veredicto was improperly rendered after a jury trial because a viable disputed fact issue was not submitted to the jury and is yet unresolved. Reversed and remanded with instructions.

Appellants Gary Wilson and Ben Wilson bought 118 head of cattle with the proceeds of their $29,393.91 bank note. On 8 October 1973, the cattle were delivered to and placed in a separate pen on the premises of appellee Remmel Cattle Co., Inc., a commercial feedlot engaged in feeding and marketing cattle, pursuant to an agreement between the Wilsons and appellee Charles Kent Remmel, an officer and manager of the feedlot. The agreement was that the Wilsons would feed and doctor their cattle, furnishing their own grain and medicine, until the cattle were placed on wheat pasture and, for the use of the pen, the Wilsons would perform custom cattle work for the feedlot.

After the Wilsons furnished some feed and doctored their cattle and worked one pen of cattle for the feedlot, the feedlot furnished some feed to the cattle on the 10th and 11th of October, 1973, and, beginning 14 October 1973, the feedlot supplied a significant amount of feed to and provided general care of the cattle. At or following the end of the year, a feedlot statement approximating $6,000 for the care of the cattle was presented to the Wilsons, who refused to pay the account. They contended that they had neither asked Charles Kent Remmel nor agreed with him to care for the cattle, and that on or about 14 October 1973 they entered into an oral agreement with him whereby he had purchased the cattle for the balance due on the Wilsons' bank note. Remmel's payment was deferred, according to Gary Wilson, until Remmel could sell some fat cattle he had in the feedlot because he was "loaned up at the bank." Remmel denied that he had agreed to purchase the cattle and stat-

ed that the feedlot began caring for the cattle at the request of the Wilsons, who said they could not handle the cattle along with their regular jobs. In January of 1974, when cattle prices were declining, the Wilsons moved the cattle, the number of which had been decreased by death loss to 109, from the feedlot and, after pasturing them on wheat and grass, sold them in May of 1974. Gary Wilson said that when Charles Kent Remmel presented the statement and suggested they do something with the cattle, the cattle were removed to wheat pasture because "our name was still on the note at the bank. So we decided we had better get somewhere to put those cattle."

Thereafter in August of 1974, Remmel Cattle Co., Inc., and Charles Kent Remmel, collectively designated as the Remmels, instituted this suit to recover $7,455.81 from the Wilsons for the care of the cattle. The Wilsons counterclaimed, alleging the oral contract pursuant to which the Remmels took the cattle as their own, and sought from the Remmels the difference between the oral contract price and the selling price of the cattle, the expenses incurred after the sale and exemplary damages. The Remmels interposed the defense of the statute of frauds to the Wilsons' cross-action and, alternatively, pleaded a mutual rescission of the oral contract.

After hearing contradictory versions of the transactions from Charles Kent Remmel and the Wilsons, the jury failed to find that the Wilsons agreed with Remmel Cattle Co., Inc., to furnish feed and maintenance for the cattle, but found that on or about 14 October 1973, the Remmels did agree to purchase the cattle for $29,393.91 and breached the agreement which was a proximate cause of the Wilsons' damages in the sum of $9,020.01. The Wilsons' motion for judgment on the verdict was denied and the Remmels' motion for judgment non obstante veredicto was granted, the court finding "the contract . . ." violative of the statute of frauds," one of the grounds of the motion for judgment non obstante veredicto.

The Wilsons have appealed. They utilize the first two of their four points of error to attack the judgment non obstante veredicto and the remaining two points to assert their entitlement to judgment on the verdict. Replying, the Remmels have included a cross-point assertion that, even assuming an enforceable oral contract, the judgment non obstante veredicto is nevertheless correct because the oral agreement was mutually rescinded when the Wilsons reacquired the cattle from the Remmels. None of the jury's answers has been challenged.

In V.T.C.A., Bus. & C. § 2.201,[1] which is denominated a statute of frauds, it is provided that:

(a) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . .

\* \* \* \* \* \*

(c) A contract which does not satisfy the requirements of Subsection (a) but which is valid in other respects is enforceable

\* \* \* \* \* \*

(3) with respect to goods . . . which have been received and accepted.

■ Thus, for the Wilsons to enforce their pleaded oral contract of sale in face of the pleaded defense of the statute of frauds, they were required to establish two essential elements: (1) the oral agreement, and that (2) pursuant to it, the Remmels received and accepted the cattle. The first element of their cause of action was submitted to and found in their favor by the jury, but the second essential element was omitted from the submission without objection.

■ Under Rule 277,[2] the trial court is to submit to the jury any pleaded group of facts supported by the evidence which controls the disposition of the case. The corollary is that the court is not to submit a pleaded issue which is conclusively established under the evidence or for which there is no evidence to support a finding thereon. Unless established as a matter of law, the issue of receipt[3] and acceptance[4] is a factual issue. See, e. g., *Wade v. Jones,* 526 S.W.2d 160, 161–62 (Tex.Civ.App.–Dallas 1975, no writ). In our view and contrary to the respective positions of the Wilsons and the Remmels, neither receipt and acceptance nor non-receipt and non-acceptance was established by the evidence as a matter of law. The fact that the cattle were located in the feedlot at the time of the pleaded oral contract does not, under the description of the agreement placing them there, either establish physical possession in the Remmels so as to foreclose their taking physical possession under a later contract of sale or ripen into their receipt and acceptance of the cattle upon the mere showing of an oral contract. No one other than the interested parties testified to the conversations and

1. All references to sections are to those sections of the Texas Business and Commerce Code (1968).

2. The rules cited are the Texas Rules of Civil Procedure.

3. " 'Receipt' of goods," as defined in V.T.C.A., Bus. & C. § 2.103(a)(3), "means taking physical possession of them."

4. "Acceptance" is the subject of V.T.C.A., Bus. & C. § 2.606, which reads in part:
   (a) Acceptance of goods occurs when the buyer

   (1) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity; or
   (2) fails to make an effective rejection (Subsection (a) of Section 2.602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or
   (3) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.

actions concerning the presence or absence of an oral sale agreement. Their testimony, which only scantly described their dealings, was neither undisputed nor so clear as to conclusively show whether the Remmels did or did not receive and accept the cattle pursuant to an oral contract, and merely raised that factual issue for resolution by the jury. *Cf. Holly Sugar Company of Hereford v. Aguirre,* 487 S.W.2d 421, 425 (Tex. Civ.App.–Amarillo 1972, writ ref'd n.r.e.). Therefore, under Rule 277, that essential element of the Wilsons' cause of action should have been submitted to the jury.

■ Notwithstanding, if the court submits a part of the elements necessary to sustain a ground of recovery and, without objection, omits another element for which there is evidence to support a finding thereon, the issue itself is not waived, *Wichita Falls & Oklahoma Ry. Co. v. Pepper,* 134 Tex. 360, 135 S.W.2d 79, 85 (1940); rather, by authority of Rule 279, the parties are considered on appeal to have agreed to waive a jury trial on the unsubmitted element and to have submitted it to the court for resolution. In this event, the rule provides that the trial court, at the request of any party, may file written findings on the omitted element in support of the judgment rendered and, absent the written findings, the court shall be deemed to have decided the omitted factual issue in such manner as to support the judgment rendered.

■ But that is not the status of the record we review. Here, there was no request made for and the court did not make an express finding on the live factual issue of receipt and acceptance; instead, the court rendered judgment non obstante veredicto. A judgment non obstante veredicto is equivalent to a finding that there is no evidence to raise an issue for the jury, and consequently there is no presumption of a finding by the court on a disputed issue of fact. *Rodriguez v. Higginbotham-Bailey-Logan Co.,* 138 Tex. 476, 160 S.W.2d 234, 235 (1942); *Frerking v. Southern County Mutual Insurance Company,* 467 S.W.2d

672, 674 (Tex.Civ.App.–Amarillo 1971, writ dism'd). Because there was a dispute in the evidence on the essential element of receipt and acceptance which is to be, but has not been, resolved, the Wilsons were not entitled to judgment on the verdict and the court erred in rendering judgment non obstante veredicto on the finding that the oral contract was violative of the statute of frauds.

■ These determinations lead to an appraisal of the Remmels' cross-point. It is their declaration that, even assuming the alleged oral contract was at one time enforceable, the judgment non obstante veredicto is nevertheless correct because the contract was mutually rescinded when the Wilsons removed the cattle from the feedlot and sold them. In considering the judgment non obstante veredicto from this viewpoint, the evidence must be examined in the light most favorable to the Wilsons, the parties against whom the judgment was rendered. *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194, 199 (1952). When so examined, the evidence does not conclusively establish that the parties mutually retracted, either by words or actions, the jury-found contract of sale which may or may not be enforceable. The evidence of the conditions under which the cattle were removed does not show as a matter of law that the removal was because the parties mutually agreed to rescind an earlier contract of sale; it merely raised the fact issue of mutual rescission which, as previously noted, may not be settled by judgment non obstante veredicto.

■ Moreover, the matter of rescission was waived. Because the object of rescission is to wholly or partially defeat, rather than to rebut evidence of, the underlying cause of action, it is, within the meaning of Rule 94, a "matter constituting an avoidance or affirmative defense" that must be pleaded. Although the Remmels pleaded mutual rescission as an independent ground of defense to the alleged enforceable oral contract of sale, they requested no

issue thereon and none was submitted to the jury when the defense was not established as a matter of law. Under these circumstances, the defense of rescission was waived, Rule 279, and it will not be considered upon the remand hereinafter ordered.

From what has been written, it follows that the unresolved factual issue of receipt and acceptance, which was not waived, precludes either a judgment on the verdict for the Wilsons or judgment non obstante veredicto for the Remmels. Accordingly, the Wilsons' first two points of error are sustained and their other two points, together with the Remmels' cross-point, are overruled.

The judgment non obstante veredicto is reversed and the cause is remanded. The trial court will proceed under Rule 279 to resolve the issue of receipt and acceptance as it finds the evidence to be and to render judgment consistent with the finding.