

NUMBER 13-07-00370-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LIMITED LOGISTICS SERVICES, INC.,                    Appellant,

v.

CARLOS ROMERO VILLEGAS, ET AL.,                    Appellees.

On appeal from the 206th District Court
of Hidalgo County, Texas

# DISSENTING OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Dissenting Opinion by Justice Vela**

I would sustain Limited Logistics Services, Inc.'s ("LLS") third, fourth and fifth issues

because I do not believe that Villegas met his burden of establishing that the trial court had

jurisdiction over LLS.

In this case, Villegas seeks to hold LLS responsible for injuries he sustained when Gary Wayne Tutt, Villegas's co-employee at Special Distribution Services, Inc. ("SDS"), backed an SDS truck into him while the two were delivering merchandise to a business in McAllen. It is undisputed that Villegas has settled with SDS and he seeks to hold LLS responsible on either a single business enterprise theory or a claim that LLS negligently hired SDS to do its shipping. The evidence Villegas introduced to establish jurisdiction in Texas is the alleged shipping contract between LLS and SDS and a report from Whitney Morgan, Villegas's expert. Attached to Morgan's report is an "affidavit" wherein Morgan swears only that he has personal knowledge of the facts and opinions in his report. He states neither that they are true nor correct.

Because the question of a court's exercise of personal jurisdiction over a nonresident defendant is one of law, we review a trial court's determination of a special appearance de novo. *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 574 (Tex. 2007) (citing *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex. 2002)). The plaintiff bears the initial burden of pleading "sufficient allegations to bring a nonresident defendant within the provisions of the long-arm statute." *BMC Software*, 83 S.W.3d at 793. When a special appearance is filed, the nonresident defendant assumes the burden of negating all bases of personal jurisdiction asserted by the plaintiff. *Moki Mac,* 221 S.W.3d at 574; *BMC Software,* 83 S.W.3d at 793; *El Puerto de Liverpool, S.A. de C.V. v. Servi Mundo Llantero, S.A. de C.V.,* 82 S.W.3d 622, 628 (Tex. App.–Corpus Christi 2002, pet. dism'd w.o.j.).

2

In this case, Villegas asserts that Texas courts have personal jurisdiction over LLS based on the theory that SDS, a Texas corporation, Limited Brands, Inc., Bath and Body Works, and LLS "integrated resources to achieve a common business purpose and they should be equitably treated as a single business enterprise." Villegas also asserts vicarious liability, negligence and negligent hiring. When a plaintiff's assertion of jurisdiction depends on imputing the actions of a resident to a nonresident, the burden of proof shifts back to the plaintiff. *See IRA Res., Inc. v. Griego,* 221 S.W.3d 592, 597 (Tex. 2007) ("Texas law does not presume agency, and the party who alleges it has the burden of proving it.") (citing *Buchoz v. Klein,* 143 Tex. 284, 184 S.W.2d 271, 271 (1944)); *BMC Software,* 83 S.W.3d at 798 (holding that "the party seeking to ascribe one corporation's action to another by disregarding their distinct corporate entities must prove this allegation").

Villegas, therefore, bore the burden of both pleading and proving jurisdiction as to LLS. The Texas Supreme Court recently stated, to "fuse" the parent company and its subsidiary for jurisdictional purposes, the plaintiffs must prove the parent controls the internal business operations and affairs of the subsidiary. But, the degree of control the parent exercises must be greater than that normally associated with common ownership and directorship; the evidence must show that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice. *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 175 (Tex. 2007) (quoting *BMC Software,* 83 S.W.3d at 799). That is, there must be evidence of a "'plus' factor, 'something beyond the subsidiary's mere presence within the bosom of the corporate family.'" *Id.* at 176 (citing

3

*Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 338 (5th Cir. 1999)).

Here, LLS established through its special appearance that it is a Delaware Corporation with its principal place of business in Ohio, it is not a resident of Texas and does not maintain and has not maintained a place of business in Texas, and it does not have any employees, officers, directors or other legal representatives within the State of Texas for the purpose of conducting business in Texas. In response, Villegas submitted a shipping contract between LLS and SDS as evidence that LLS "controlled" SDS. When one has the right to control the end sought to be accomplished, but not the means and details of how it should be accomplished, the person employed acts as an independent contractor and not as an agent. *Olympia Capital Assocs., L.P. v. Jackson*, 247 S.W.3d 399, 413 (Tex. App.–Dallas 2008, no pet.). An independent contractor's contacts with the forum are not attributable to the principal. *Id.* At most, the contract in question showed that LLS required SDS to comply with governmental and safety standards and states that SDS should hire competent employees. It does not give LLS the right to control the method or means of the work performed by SDS or its employees. It in no way establishes a right of LLS to control the means and details of how SDS should perform its work.

Here, Villegas does not allege that LLS committed a tortious act in Texas. Rather, Villegas seeks to hold LLS responsible for the alleged negligent actions of an unrelated entity and its employee, SDS and Tutt. In the absence of a specific act performed in Texas by LLS, its only burden was to negate its residency. It did that by the affidavit supporting its special appearance. Absent allegations of any specific, purposeful act through which LLS can be said to have sought the benefit of availing itself of the jurisdiction, evidence that a defendant is a nonresident is sufficient. *See Hotel Partners v. KPMG Peat Marwick*,

4

847 S.W.2d 630, 633 (Tex. App.–Dallas 1993, writ denied) (stating that without jurisdictional allegations by the plaintiff that the defendant has committed an act in Texas, the defendant can meet its burden by negating all potential bases of jurisdiction by showing that it is a non-resident).

A Texas court may assert specific jurisdiction over an out-of-state defendant if the defendant's contact with Texas is purposeful and the injury arises from or relate to those contacts. *Moki Mac*, 221 S.W.3d at 573-74. There must be a substantial connection between LLS's contacts with Texas and the operative facts of the litigation. *Id.* at 585. Here, LLS's connection with Texas is random, attenuated and fortuitous. It is clear that Texas has an interest in adjudicating Villegas's claim against SDS, a Texas company, but I believe Villegas has failed to carry his burden with regard to LLS.

For the above reasons, I dissent.

ROSE VELA
Justice

Dissenting Opinion delivered and
filed this 27th day of August, 2008.

5