**WISE & SMOOT, Inc., et al. v. KING.**
No. 5417.

Court of Civil Appeals of Texas. Amarillo.
April 6, 1942.

J. W. Spivey, of Borger, and Stanley P. Clay, of Joplin, Mo., for appellants.

J. O. Ward, of Borger, for appellee.

FOLLEY, Justice.

This suit was filed by the appellee, M. L. King, against Wise & Smoot, Inc., grain brokers of Joplin, Missouri, and Ward A. Levi and George F. Crow, for the cancellation of a note in the sum of $2,500 and a deed of trust securing the same, each executed by the appellee and his wife, Mrs. Iris E. King, in favor of Wise & Smoot, Inc. Ward A. Levi was the agent of the brokerage company. He negotiated the transactions herein involved for Wise & Smoot, Inc. Crow was the trustee in the deed of trust which conveyed as security Lots 15 and 16 of Block 37 of the Town of Borger, Hutchinson County, Texas.

The note and deed of trust were dated May 1, 1940, but the testimony shows that they were made, executed and delivered on May 31, 1940. It appears that the appellee, who resides at Carthage, Missouri, only sixteen miles from Joplin, was a regular customer of Wise & Smoot, Inc., and had for two or three years prior to this controversy bought and sold future contracts in wheat and corn at the office of the brokerage company. Statements of his monthly accounts for April, May, June, July, August, and September, 1940, were introduced in evidence, which showed various debits and credits. About the 1st of May, 1940, the appellee purchased 7,000 bushels of wheat for September delivery, paying the usual margin therefor. Thereafter the price of wheat declined sharply and the appellee was called upon for additional margins from time to time, which he furnished. On May 31, 1940, the date of the execution of the

note and deed of trust, his account showed a credit balance of $479.75; on June 30, a credit balance of $463.80; July 29, a credit balance of $561.55; and on August 29, a credit balance of $561.55. On none of these monthly statements was any credit shown for the $2,500 evidenced by the note and deed of trust. The note became due on August 31, 1940, and was not paid. On September 30, 1940, the brokerage company closed out the appellee's grain account and sent him a statement showing a debit in the sum of $2,396.40 upon the redelivery of the 7,000 bushels of September wheat. This debit was offset by the $561.55 credit balance for August, and an additional $457.75, which represented the margins advanced by the appellee during the month of September. These credits reduced the debit to the sum of $1,377.10, which the brokerage company claims the appellee now owes upon his grain account. This final account also failed to show any credit for the $2,500 represented by the note and deed of trust. Ward A. Levi, the only witness who testified for the brokerage company, stated that the $2,500 was credited to the appellee in a special account, it being the only account of such nature kept by the brokerage company, but admitted that if appellee had been given credit for the $2,500 on his regular grain account, appellee would have had a credit balance of $1,122.90 on the books of the brokerage company at the time he was closed out instead of owing the $1,377.10. Levi's excuse for closing out the appellee, when the latter apparently should have had a $1,122.90 credit if his grain account had been credited with the $2,500, was that the $2,500 note was past due and unpaid.

Having been threatened by suit to collect the $2,500 note, the appellee filed this suit, seeking cancellation of the note and deed of trust, alleging fraud and want of consideration. The brokerage company and Levi filed separate answers which were merely general demurrers and general denials, thus seeking no affirmative relief.

The trial was had before a jury which found that Wise & Smoot, Inc., acting through its agent Levi, represented and promised the appellee to credit his account with $2,500 as an inducement for the execution of the note and deed of trust; that the appellee relied upon such promise and representation; that Wise & Smoot, Inc., did not credit the account of appellee with $2,500, the amount of the note; and that

there was no consideration for the execution of the note and deed of trust. The court rendered judgment canceling the note and deed of trust. From such judgment Wise & Smoot, Inc., and Ward A. Levi have prosecuted this appeal.

The appellants did not complain of the court's failure to submit any other issues upon the question of fraud, and it must be presumed that any of them not found by the jury were waived as a defense or found by the court in favor of the judgment if supported by the evidence. Jones et al. v. Baldwin et al., Tex.Com.App., 23 S.W.2d 308; Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

The appellants urge that the court erred in not sustaining their general demurrers, asserting generally, but not specifically, that the essential elements of fraud were omitted from the appellee's petition. On the issue of fraud the appellee alleged, substantially, that he was deceived into signing and delivering the note and deed of trust by fraud, deception and misrepresentation on the part of the appellants; that such instruments were void for such reason; that Levi, as agent of the brokerage company, represented and agreed that if appellee would execute the instruments he would be given credit on his account for $2,500 so that his account would be protected; that Levi promised and agreed that appellee's account would be so protected as long as any amount of the $2,500 remained to his credit; that the appellee relied upon such representations, promises and agreements, and did execute and deliver the note and deed of trust; that appellants, notwithstanding their promises and agreements, failed to so credit appellee's account, but sold all the wheat in the account of appellee, causing him to lose more than $1,700; and that if his account had been properly credited, as agreed, he would have had in excess of the amount necessary to protect his account at the time the appellants sold the wheat. The allegations of this petition, as well as the issues submitted to the jury, were very similar to those in the case of Jones et al. v. Baldwin et al., Tex.Com. App., 23 S.W.2d 308, which Justice Critz, speaking for the Commission of Appeals, held to be sufficient in law as against a general demurrer. We make the same holding here. Moreover, the petition in this case is not based solely upon fraud. It

also asserts the total absence of any consideration for the execution and delivery of the note and deed of trust.

██ The appellants further assert that the court erred in refusing to instruct a verdict in their favor because the appellee did not prove all the elements of fraud, particularly with reference to appellee's failure to prove damages. In a suit for cancellation of an instrument upon the ground of fraud, it is not necessary for the party defrauded to show pecuniary damages, since he seeks none. Osborn v. Texas Pac. Coal & Oil Co. et al., Tex.Civ.App., 229 S.W. 359. The cloud necessarily placed upon appellee's title by the alleged fraudulent transaction is sufficient as a predicate for the equitable relief of cancellation independent of pecuniary damages. 9 C.J. 1189, par. 56; 12 C.J.S., Cancellation of Instruments, § 16; Black on Rescission and Cancellation, 2d Ed., p. 342, par. 112. We are also not in accord with appellants' contention in this connection that the question of fraud passes out of the case because the alleged promise was to do something in the future, which ordinarily will not support the issue of fraud. 20 Tex.Jur. 29, par. 15. In the first place, the theory of the appellee, which is supported by his pleading and proof, is that he was supposed to have been given credit on his account for the $2,500 simultaneously with the execution and delivery of the note and deed of trust, but irrespective of this fact, we think this case falls within the rule that a promise made with a preconceived intention not to perform may amount to actionable fraud. 20 Tex.Jur. 33, par. 16, and authorities cited. In Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873, 874, Justice Greenwood, speaking for the Supreme Court, said:

"Promises made without intention of fulfillment, in order to induce others to make contracts, are as culpable and as harmful as are willful misrepresentations of existing facts. Hence contracts may be avoided alike for such fraudulent promises and for such misrepresentations."

██ Independent of the issue of fraud, there is still another reason why the court was not warranted in directing a verdict for the appellants. The appellants entirely ignore the question of failure of consideration. If the fraud was eliminated from this case, the appellee would still be entitled to the relief sought if he established his plea of want or failure of consideration. 7 Tex.

Jur. 934, par. 32. We think this matter was definitely raised both by the pleadings and the proof, and the jury resolved the controverted issue against the appellants, and such finding stands unimpeached in this record.

The judgment is affirmed.