**PUTNAM v. HEISSNER et al.**

No. 9710.

Court of Civil Appeals of Texas. Austin.

April 27, 1949.

Rehearing Denied May 11, 1949.

Charles L. Krueger of Austin, for appellant.

Shelton & Shelton, and Emmett Shelton, of Austin, for appellees.

RAYMOND GRAY, Justice.

Appellant brought this suit against appellees to set aside a deed executed by appellant and appellee Carl Putnam, whereby real and personal property was conveyed to appellee Bertha Heissner.

As grounds for setting aside the said deed, appellant alleged the property thereby conveyed was a part of the estate of Roger Putnam who died intestate; that appellant and appellee Carl Putnam are the only surviving heirs at law of Roger Putnam and, as such heirs, were seized of his entire estate; that Carl Putnam claimed two-thirds of said estate and that a controversy arose between him and appellant as to how the said estate should be divided between them; that Bertha Heissner was appointed and qualified as administratrix of said estate; and by paragraph five of said petition alleged:

"Plaintiff further represents to the court that he has good reason to believe, does believe, and so charges, the fact to be that the defendants did collude, combine, confederate and conspire to swindle, cheat and defraud plaintiff out of one-sixth of the estate so that the said Carl Putnam would finally and eventually receive and obtain two-thirds of the estate of Roger Putnam, as contended for by him from the beginning, and to leave plaintiff with but one-third of said estate; that with such object and purpose in view the defendant, Carl Putnam, with the consent, acquiescence and full understanding of the defendant, Bertha Heissner, proposed to plaintiff that the defendant, Carl Putnam, and the plaintiff conveyed to Bertha Heissner and Mina Sevine a one-third of said estate and they each retain a one-third thereof. That plaintiff agreed to do so, but when the agreement and deed were reduced to writing the name of Mina Sevine was omitted therefrom, to which plaintiff ob-jected, whereupon he was advised by them that the defendant, Bertha Heissner, and Mina Sevine, were sisters; that it would be more convenient for one to handle, manage and control said property and to collect the rents, revenues and incomes of said one-third of said estate and issue acquittances, receipts, releases, etc., than for two to do so; that they assured him that the said Bertha Heissner would hold the one-half of said one-third of said estate so to be conveyed as an undisclosed trustee for Mina Sevine. That he believed said statements, representations and assurances so made to him as aforesaid; that he relied thereon and acted thereon when he executed the agreement of sale and the deed of conveyance."

Appellant further alleged that he believed the representations made to him; that he relied thereon and acted thereon when he joined Carl Putnam in conveying to Bertha Heissner real and personal property described in said petition; that if he had known of the fraudulent intent and purpose of appellees, he would not have conveyed his one-half of said one-third of said estate to Bertha Heissner, all of which appellees well knew and which was the reason they formulated the scheme to defraud him, and that they succeeded in so doing to his injury; that the real motive which prompted appellees was to defraud appellant out of his one-half of the one-third of said estate and to acquire it for Carl Putnam; that it was the intent and purpose of appellees that Bertha Heissner should hold said property in trust for Carl Putnam and eventually transfer same to him while she was to receive a part of the income for her part in the conspiracy, and that they resorted to this method to defraud appellant as well as Mina Sevine; that appellee Bertha Heissner, at the time and before the agreement and conveyance were made, had the fraudulent intent not to comply with her promise to hold the property in trust for her sister, but at all times entertained the secret intention to repudiate her promise and understanding; that friendly and cordial relations have existed between appellees; that they have resided in the same home and have compelled Mina Sevine to

leave the said home because she requested Bertha Heissner to give her the part of the property to which she was entitled. The petition further alleged that Bertha Heissner has not paid any consideration for the deed, and has declined to do so, and prayed for an accounting for the income from the property; that the deed be set aside and for damages for any personal property not accounted for.

The trial court sustained four special exceptions to the petition, appellant declined to amend, and the court entered judgment "that the defendant go hence without day" and that they recover their costs.

The first of the special exceptions sustained by the court complains that the allegations in paragraph five, supra, are irrelevant and immaterial because no facts are alleged which give appellant a right to recover either individually or for Mina Sevine. The second special exception complains that the allegations that appellees formulated a scheme to cheat and defraud appellant and succeeded in so doing by their false and fraudulent acts and representations to appellant's injury are legal conclusions, allege no facts showing an injury to appellant, and are repugnant to the allegations of injury because appellant pleads he intended to part with title to the property at the time of the conveyance, and he could not thereafter be injured. The third special exception sustained complains that the allegations of cordial and friendly relations of appellees are irrelevant and immaterial to any cause of action alleged by appellant. The fourth special exception sustained complains that no cause of action in favor of appellant is alleged.

■ We are of the opinion that the trial court was in error in sustaining the special exceptions and entering judgment that appellees go hence without day. The petition contains allegations sufficient to constitute fraud. 20 Tex.Jur., p. 140, Sec. 93; Art. 4004, Vernon's Ann.Tex.Civ. Stats. "A person's intention is a matter of fact. When a promise is made the promisor expressly or by necessary implication states that he then has a present intention to perform, and if such intention does not actually exist at that time, a false statement of fact has been made upon which fraud may be predicated. The gist of fraud is deception as to an existing fact, namely, the state of promisor's mind * * *." Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118, 119. (Com.App.)

■ Appellant alleges he parted with the title to his property because of the fraud of appellees. In such case it was not necessary for him to allege he had sustained pecuniary damages. Wise & Smoot v. King, Tex.Civ.App., 161 S.W.2d 295.

■ The allegations of cordial and friendly relations existing between appellees is a relevant allegation bearing on the issue of fraud. 7 Tex.Jur., p. 995, Sec. 67.

■ In 54 Am.Jur., p. 81, Sec. 80, it is said: "In the absence of a reserved power to revoke a trust, the trustor can not by judicial action have a trust revoked against the consent of the beneficiaries, unless he can show good cause, such as that its execution was induced by fraud, duress, or undue influence, for its revocation. Nor can the trust be revoked for good cause ordinarily unless all possible interests are before the court."

■ The effect of the pleadings before us is that by the execution of the deed one-half of the property therein described was conveyed to appellee Bertha Heissner, as trustee for Mina Sevine. No reason is alleged why she was not made a party. Appellant does not pray that the trust as to Mina Sevine be cancelled, but it is our opinion she is a necessary party in order that such rights as she may have under the law, or which she may elect to assert, may be finally adjudicated and a multiplicity of suits avoided. 42 Tex.Jur., p. 778, Sec. 157. The suit being one for the cancellation of a deed this issue can not be finally determined without the grantors and the grantee being before the court. For the same reason Mina Sevine should be a party to the action because appellant alleges, as grounds for the cancellation of the deed, facts which give her a beneficial

**704**

interest or right in one-half of the property conveyed. Rule 39, Texas Rules Civil Procedure.

For the reasons stated the judgment of the trial court is reversed and remanded with the recommendation that Mina Sevine be made a party.

Reversed and remanded.