H. C. HENRY, Appellant,

v.

Gilbert McCONNELL, Jr., et al., Appellees.

No. 4464.

Court of Civil Appeals of Texas.

Waco.

Feb. 17, 1966.

Witts & Ewing, Blair Rugh, Dallas, for appellant.

Griffith & Lumpkins, Waxahachie, for appellees.

McDONALD, Chief Justice.

This is an appeal by plaintiff Henry from an adverse judgment in a suit on a contract.

Plaintiff Henry sued defendants McConnell on a license contract which provided that defendants have exclusive right to manufacture and sell Henry Power Saws as patented by plaintiff, and defendants agreed to pay plaintiff certain minimum royalty payments. Plaintiff alleged that defendants failed and refused to make minimum royalty payments. Defendants answered that plaintiff fraudulently represented that he was owner of patents on all 5 models of the saw; and want of consideration since the saws covered by the license agreement were worthless without patents. Defendants prayed for cancellation of the contract, and by cross action sought judgment against plaintiff for expenses reasonably incurred because of the contract.

Trial was to a jury which found:

1) 2) Plaintiff falsely represented that he had patents on all models of the power saw to be manufactured by defendants.

3) 4) That defendants believed and relied on such representation and would not have entered the contract but for such.

5) Defendants did not receive anything of value by virtue of the contract between the parties.

6) Defendants reasonably expended $3880 in preparation for the manufacturing and sale of the saws.

The trial court entered judgment on the verdict that plaintiff take nothing against defendants; and that defendants have judgment against plaintiff for $3880 on their cross action.

Plaintiff appeals, contending the trial court erred in rendering the take-nothing judgment against him because:

1) The representations made by plaintiff were matters of opinion believed by plaintiff, and cannot constitute ground of fraud.

2) The representations made by plaintiff were opinions of law believed by plaintiff, and cannot constitute ground of fraud.

The record reflects that plaintiff Henry invented some 5 power saws which he called the Henry Power Saws. He attempted to obtain patents on them but only obtained a patent on the model 4850 saw. No patents were obtained on the Model 20, 40, 50 or 500 saw.

Plaintiff represented to defendants he had patents on all models and entered into a contract with defendants whereby they had exclusive right to manufacture and sell the saws; and were to pay plaintiff certain minimum royalty payments. The model 4850 was the only saw plaintiff had a patent on, and this was an obsolete model. Defendants expended certain moneys getting ready to manufacture the saws, and then learned that plaintiff had no patents on the Models 20, 40, 50 and 500 saws. Defendants wrote plaintiff rescinding the contract. No saws were manufactured or sold by defendants. Plaintiff thereafter instituted this suit for the minimum royalty payments provided in the contract. The jury found the contract was induced by fraud, and further that there was a total lack of consideration for the contract, in that defendants received nothing of value by the contract (since it was valueless unless plaintiff had patents on the items to be manufactured).

█ Plaintiff has made no assignment of error as to the jury's finding that there was total lack of consideration for the contract, and is thus bound by such finding. Rule 374 Texas Rules of Civil Procedure; 3 Tex.Jur.2d 461.

■ If fraud be eliminated from the case, defendants are entitled to judgment under the facts upon the uncontradicted finding of failure of consideration. Wise & Smoot v. King, CCA (n. w. h.) 161 S.W. 2d 295; Food Machinery Corp v. Moon, CCA (n. w. h.), 165 S.W.2d 773; Radford v. Snyder Nat. Farm Loan Ass'n., CCA (n. w. h.), 121 S.W.2d 478; Rushing v. Spreen, CCA, Writ Ref., 142 S.W. 49.

■ We think further that fraud in the inducement as here, is a good defense to a suit for payments on a patent licensing agreement. See: Penn v. Garabed Gulbenkian, Tex.Civ.App., 243 S.W.2d 220, Affmd., 151 Tex. 412, 252 S.W.2d 929; Buchanan v. Burnett, 102 Tex. 492, 119 S.W. 1141; Schonrock v. Taylor, CCA, Wr. Ref., 212 S.W.2d 260; see also 10 Tex.Jur. 2d p. 369.

All plaintiff's points and contentions are overruled.

Affirmed.