**Mary Louis Jones POTTS, Appellant,**

v.

**Robert Charles POTTS, Sr., Appellee.**

**No. A14–83–379CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 3, 1984.
Rehearing Denied May 31, 1984.

Maurice Bresenhan, Jr., Byrnes, Martin, Bresenhan & Sinex, Houston, for appellant.

William W. Vance, Vance, Bruchez & Goss, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and PAUL PRESSLER and DRAUGHN, JJ.

OPINION

PAUL PRESSLER, Justice.

The trial court granted a summary judgment against enforcement of an alleged oral agreement incident to the parties' divorce. We reverse.

On July 26, 1978, both parties executed an Agreement Incident to Divorce which was incorporated into the divorce decree of July 27. The alleged oral agreement was made about the time of the execution of the written Agreement. It allegedly provided that appellee would reimburse appellant for additional taxes incurred as a result of her receiving contractual alimony. She alleges that appellee made only one payment pursuant to this oral agreement.

Appellee's Motion for Summary Judgment claims appellant is attempting to modify the written Agreement by oral testimony contrary to the parol evidence rule and that the written Agreement stated that it expresses the entire agreement between the parties. In appellee's supporting affidavit, he stated that no agreements were made after the written Agreement. Appellant amended and answered alleging the affirmative defenses of fraud and estoppel and filed an affidavit seeking to establish such. The trial court granted the Motion for Summary Judgment.

In her sole point of error, appellant claims the oral testimony was admissible and that since she has raised the fact issues of fraud and promissory estoppel, the summary judgment was improperly granted.

In *Turner v. Houston Agricultural Credit Corp.*, 601 S.W.2d 61 (Tex. Civ.App.—Houston [1st Dist.] 1981, no writ), the defendants claimed they were induced to enter a loan transaction by an oral promise that additional advances would be made. The court held that the oral agreement could be proven by parol evidence since the oral promise did not contradict, vary, or abrogate the terms of the written documents. *Turner, supra.*

Here, appellant claims the oral promise served as an inducement to execute the written Agreement. Appellee himself testified that to induce appellant to go forward and complete the divorce, he told her that he would help her out with her income tax. As in *Turner*, the oral promise did not vary, contradict, or abrogate the written agreement. Thus, the oral agreement was subject to proof by parol evidence and appellee was not entitled to summary judgment.

■ Also, appellee was not entitled to a summary judgment since a fact issue was raised. The moving party must establish that there are no genuine issues of fact. *Wesson v. Jefferson Savings & Loan Assoc.*, 641 S.W.2d 903, 905 (Tex.1982); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 591 (Tex.1975).

■ Appellant has also raised sufficient evidence of promissory estoppel and fraud to create a fact issue. Both the affidavits and appellee's own testimony raise an issue of fact concerning the existence of the oral agreement.

The judgment is reversed and the cause remanded.