Affirmed and Memorandum Opinion filed July 7, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00189-CV

___________________

 

Lawrence Marshall DealershipS, Appellant

 

V.

 

Ian Meltzer, Appellee



 



 

On
Appeal from the County Civil Court at Law No. 1

Harris County,
Texas



Trial Court Cause No. 887188

 



 

 

MEMORANDUM OPINION

The trial court entered a
take-nothing judgment against Lawrence Marshall Dealerships after a jury
excused Ian Meltzer’s breach of contract because of mutual mistake.  On appeal,
Lawrence Marshall argues the trial court erred in submitting the mutual-mistake
question to the jury because there was no evidence that Meltzer offered to
restore to Lawrence Marshall the consideration he received under the contract.  We
affirm.

I

On January 20, 2007, Ian Meltzer purchased a GMC
Yukon from Lawrence Marshall Dealerships, trading in the Lexus he leased from
Hann Financial to reduce the purchase price of the Yukon.  The parties assigned
the Lexus a $20,000 trade-in value.  Although the actual payoff amount of the
Lexus was $23,222.62, an inexperienced Lawrence Marshall employee mistakenly
calculated a payoff amount of $3,750.[1] 
Both parties relied on the mistaken calculation to complete negotiations for
the Yukon sale.[2] 
Meltzer signed a payoff sheet authorizing Hann to accept $3,750 from Lawrence
Marshall in exchange for the certificate of title to the Lexus.  This payoff
sheet further provided that Meltzer was responsible for any difference in
payoff amounts.[3]   


About three weeks later, John Bomberger, a general
manager at Lawrence Marshall, called Meltzer and explained that the Lexus’s
payoff amount was substantially more than originally calculated.  Relying on the
payoff sheet, Bomberger said Meltzer was responsible for the difference and
asked him to return to the dealership to resolve the situation.  Bomberger
suggested the parties either refinance Meltzer’s payments to reflect the additional
amount or rescind the contract.  Rescission would require Meltzer to return the
Yukon and Lawrence Marshall to return the Lexus plus the amount Meltzer had
already paid on the Yukon, less the $3,750 Lawrence Marshall paid Hann on
Meltzer’s behalf.  Meltzer refused, asserting they had a deal and he did not
owe Lawrence Marshall any more money.  At trial, Meltzer testified that he did
not believe rescission had been an option because he had already bolted a car
seat into the Yukon for his special-needs daughter and did not know what had
become of the Lexus.  In July, Lawrence Marshall paid Hann the additional
$19,818.08, received title to the Lexus, and sold it to a wholesaler for
$20,000.

Lawrence Marshall sued Meltzer for breach of contract,
and Meltzer asserted mutual mistake as an affirmative defense.  During the
charge conference, Lawrence Marshall objected to Question No. 3, which asked
whether Meltzer’s failure to comply with the sales contract was excused due to
mutual mistake.  Question No. 3 was predicated upon findings by the jury that
the parties had agreed Meltzer would be responsible for any excess payoff
amount and that he failed to comply with that agreement.  Lawrence Marshall
objected to Question No. 3 as follows:  

Your honor, we object to Question No. 3 because there is no
evidence; and, also, there is insufficient evidence to support submission of
this issue.  Also, this issue should not be submitted as a matter of law
because excuse is not applicable to this case because there is no issue about
formation of a contract as whether the parties were misled or under any sort of
confusion about the contract and—question on Plaintiff’s Exhibit No. 2 has the
agreement about being responsible for payoff.  Also, so, there was—there was no
testimony whatsoever about a mutual mistake on the payoff being an issue and
Plaintiff’s Exhibit No. 2 is the contract—or part of the contract that was
issued in this case; and so, therefore, there is no evidence of any sort of
mutual mistake concerning Plaintiff’s Exhibit 2.  And there was no evidence of
any ignorance or misconception about Plaintiff’s Exhibit No. 2.

The
trial court overruled Lawrence Marshall’s objection to Question No. 3.  The
jury returned a verdict finding that Meltzer and Lawrence Marshall reached an
agreement on the payoff, that Meltzer breached the agreement, but that mutual
mistake excused the breach.  The jury also found Lawrence Marshall liable to
Meltzer for negligent misrepresentation, but awarded no damages.  The trial
court entered judgment that each party take nothing.  Then Lawrence Marshall
filed this one-issue appeal.

II

Lawrence Marshall complains on appeal that there was
no evidence Meltzer offered to restore to Lawrence Marshall the consideration
he received from the Yukon sales contract, namely, the Yukon itself.  Lawrence
Marshall contends such evidence was necessary because the result of a mutual
mistake should be rescission and “[a] party seeking rescission must prove he
has restored, or offered to restore, the other party to the status quo ante.”  Furnace
v. Furnace, 783 S.W.2d 682, 686 (Tex. App.—Houston [14th Dist.] 1989, writ
dismissed w.o.j.).  Without such evidence, Lawrence Marshall maintains, the
trial court erred in submitting Question No. 3.  

                                                                             A

In response to
Lawrence Marshall’s sole issue, Meltzer initially argues Lawrence Marshall
failed to preserve error by failing to raise its objection with specificity
during the charge conference.  We agree.

To preserve a charge-error complaint for appellate
review, the objecting party must point out distinctly the objectionable matter
and the grounds of the objection.  Tex. R. Civ. P. 274; Chambers v. Equity
Bank, SSB, 319 S.W.3d 892, 898 (Tex. App.—Texarkana 2010, no pet.).  Any
complaint as to a question or instruction on account of any defect is waived
unless specifically included in the objections.  Tex. R. Civ. P. 274.  “The
cardinal rule for preserving error is that an objection must be clear enough to
give the trial court an opportunity to correct it.”  Arkoma Basin
Exploration Co. v. FMF Assocs. 1990-A, Ltd., 249 S.W.3d 380, 387 (Tex.
2008).  Further, the complaints on appeal must comport with the arguments made
in the trial court.  See In re A.V., 113 S.W.3d 355, 362 (Tex. 2003); see
also Wackenhut Corrections Corp. v. De La Rosa, 305 S.W.3d 594, 616 (Tex.
App.—Corpus Christi 2009, no pet.).  Accordingly, an objection made during
trial which is different from the argument urged on appeal presents nothing for
appellate review.  Chambers, 319 S.W.3d at 898.

During the charge conference, Lawrence Marshall
objected to the mutual-mistake question because there was no evidence of any
misconception about the payoff sheet.  On appeal, Lawrence Marshall complains that
there was no evidence of any offer to restore to Lawrence Marshall the
consideration Meltzer received under the contract, namely, the Yukon.  But
Meltzer’s misconception about the payoff sheet and his offer to restore Lawrence
Marshall to the status quo ante are distinct and separate issues.  The trial
judge cannot be expected to glean from Lawrence Marshall’s charge-conference objection
the complaint it now asserts on appeal. 

Lawrence Marshall argues that its charge-conference
objection preserved error because it urged both at trial and on appeal that the
evidence was insufficient to support submission of the mutual-mistake
question.  The necessary result of a mutual-mistake finding, Lawrence Marshall
contends, is rescission of the contract.  And a prerequisite element of the
equitable remedy of rescission, Lawrence Marshall asserts, is an offer to
restore the other contracting party to the status quo ante.  Lawrence Marshall
argues its charge-conference objection should be understood to challenge the
sufficiency of the evidence of all elements necessary to establish mutual
mistake, which would include an offer to rescind.  Requiring counsel to
enumerate each element in its objection is impractical, Lawrence Marshall
insists, because it “would mean the charge conference would suddenly take hours
and hours.”  

We do not agree that, in this case, the length of the
charge conference would drastically increase if counsel were required to
specify that no evidence of rescission or an offer to rescind precludes
submission of the mutual-mistake issue.  The trial court is sufficiently aware
of the complaint if the objection clearly designates the alleged error and specifically
explains the basis for the complaint such that a reviewing court may conclude
the trial court understood the ground of the complaint and deliberately chose
to overrule it.  Carousel’s Creamery, L.L.C. v. Marble Slab Creamery, Inc.,
134 S.W.3d 385, 404–05 (Tex. App.—Houston [1st Dist.] 2004, pet. dism’d).  And
we conclude counsel’s stated objection cannot be reasonably understood to
include the separate issue of whether Meltzer offered to return Lawrence
Marshall to the status quo ante.  Accordingly, Lawrence Marshall’s
charge-conference objection was insufficient to preserve its error, and we
overrule its sole issue.

 

B

Even if Lawrence Marshall had preserved error, its argument
on the merits is unpersuasive.  Lawrence Marshall correctly states that when a
party asserts mutual mistake as a ground for seeking rescission, he must prove
he has restored, or offered to restore, the other party to the status quo ante.[4]  Furnace,
783 S.W.3d at 686.  In this case, however, neither party pleads for
rescission.  Lawrence Marshall seeks monetary damages for breach of contract,
and Meltzer asserts mutual mistake not as a desired remedy, but as a defense to
breach.  Lawrence Marshall has not cited, and we have not found, any case
requiring evidence of rescission or an offer to rescind before a party may
assert mutual mistake as a defense to breach of contract.[5]

* * *

For the foregoing reasons, we affirm the trial
court’s judgment.

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

Panel consists of Justices
Brown, Boyce, and Jamison.









[1] The term “payoff” refers
to the amount of money it would take to satisfy Hann, as the owner of the
vehicle, to get title to the vehicle.  In Meltzer’s case, the payoff equaled the
total amount due for the remaining lease payments, plus the amount of the
purchase option per his lease agreement.  The Lawrence Marshall employee,
unfamiliar with leased trade-ins, failed to include the purchase-option amount
in his calculations.





[2] John Bomberger, a general
manager at Lawrence Marshall, testified that he called Hann Financial when this
issue arose and discovered that Meltzer called Hann before going to Lawrence
Marshall and learned what his options were regarding the Lexus contract, including
the payoff amount, suggesting Meltzer did not rely on the $3,750 amount in good
faith. 





[3] Lawrence Marshall could
not verify the payoff amount at the time the contract was signed because the
parties completed their negotiations on a Saturday, outside of Hann’s business
hours.





[4] Lawrence Marshall cites
four additional cases to support this position.  See Tex. Co. v.
State, 281 S.W.2d 83, 91, 154 Tex. 494 (Tex. 1955) (“[I]t is necessary that
a party seeking rescission should offer or tender a restoration to the
other.”); Johnson v. Cherry, 726 S.W.2d 4, 8 (Tex. 1987) (“Restoration
or an offer to restore consideration received by one seeking to cancel a deed
is a condition precedent to maintaining a suit for cancellation of an
instrument.”); Turner v. Houston Agr. Credit Corp., 601 S.W.2d 61, 65
(Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.) (“As a general
rule, one who seeks in equity to have a contract rescinded must offer to make
restoration to the other party of that which was received by him under the
contract.”); Raney v. Mack, 504 S.W.2d 527, 534 (Tex. Civ.
App.—Texarkana 1973, no writ) (“Restoration, or offer to restore, consideration
received.  Such is a condition precedent to the granting of relief by way of
cancellation or recision [sic].  She who seeks equity must first do equity.”). 
As Meltzer points out, however, none of these cases involves a defendant
asserting mutual mistake as a defense.  





[5] Because we were not
presented with it, we do not reach the question of whether mutual mistake is
appropriately raised as a defense to a breach of contract.  At least one court
of appeals has stated that “the doctrine of mutual mistake does not provide a
defense to a breach[-]of[-]contract claim.”  Great Am. Ins. Co. v. N. Austin
Mun. Util. Dist. No. 1, 902 S.W.2d 488, 500 (Tex. App.—Austin 1993), aff’d
in part, rev’d in part on other grounds, 908 S.W.2d 415 (Tex. 1995).